## C. L. McCay v. The State.

### *No. 14.   Decided June 3.*

**1. Forgery—Charge of the Court.**—On a trial for forgery, a charge of the court which in effect instructs the jury, that if they believe from the evidence that the defendant signed the name of the alleged injured party to the note under authority which he had good reason to believe, and actually did believe, to be sufficient, then defendant would not be guilty, is substantially in the language of article 441, Penal Code, and is unobjectionable.

**2. Reasonable Doubt—Charge Sufficient as to, when.**—If a charge applies the reasonable doubt to the whole case, this will satisfy the demands of the law; and when this has been done, it is not error to fail to apply it to any particular phase of the case. Williams v. The State, 24 Texas Criminal Appeals, 346, explained.

**3. New Trial—Newly Discovered Evidence.**—When it is shown that testimony might or could have been ascertained by the use of ordinary diligence, a new trial will not be awarded on the ground of newly discovered evidence.

**4. Special Instructions on Particular Phase of the Case.**—When, from the relationship of the parties and their manner of dealing with each other, the issue in a case of forgery was whether the appellant had reasonable ground for and did believe that he was authorized to use the name of the prosecutor, *held,* that a special requested instruction presenting the law upon that phase of the case should have been given, even though not strictly correct.

**5. Forgery—Evidence Insufficient.**—See facts in the case which, in the opinion of the court, are wholly insufficient to support a conviction for forgery.

Appeal from the District Court of Bell. Tried below before Hon. W. A. Blackburn.

The indictment charged appellant and one Henry D. Kone jointly, in the first count, with the forgery of a note for $4200 in the name of S. R. Kone; and in a second count, with altering and passing said forged instrument. When called for trial, the case was continued as to the codefendant, Kone, and appellant was alone placed upon trial, which trial resulted in his conviction for forgery, as charged in the first count in the indictment, with his punishment assessed at three years in the penitentiary.

The following is the evidence, in substance, as shown by the statement of facts in the record of the case:

S. R. Kone, for the State, said: My name is S. R. Kone. I live in San Marcos, Texas. I am acquainted with the defendant, C. L. McCay. In August, 1890, I lived in the city of Waco, and lived there in July, 1889. In July, 1889, the defendant and Henry D. Kone lived in Temple, Bell County, Texas. I did not sign my name to the note alleged in the indictment to be a forgery; the same note that is here in court in evidence. The amount of the note is $4200. I did not authorize the defendant, Henry D. Kone, or any one else, to sign my name to it. I did not sign the note. The note was signed with my name without my knowledge and without my authority. I never saw the note until August of 1892, here in the court house. I never heard of the note until after the bank failed, in January, 1892, or until I was sued on it. I never gave any one authority to sign my name to this note, or the note for which it is a substitute or renewal, if it is a substitute or renewal of another note.

Cross-examined: The defendant is my brother-in-law. Henry D. Kone is my brother. The defendant and myself have been very intimate for a long time; we have loaned each other money without even taking notes therefor. I was spoken to twice about the use of my name; once by Henry D. Kone, which was on the 3rd day of August, 1890. Henry came to my house in Waco, and told me that they were talking about organizing a National Bank in Temple, Texas, and that McCay said, that in the organization of the bank they might want to use my name; and I said, "All right, when you get ready, let me know," and if I could assist him any I would do so; and about two weeks after the 3rd of August, 1890, the defendant came to me in Waco himself, and I made the same statement to him I had made to Henry D. Kone. I did not authorize defendant or any one else to sign my name to the note here in evidence, or any other note.

The following question was asked the witness: "Did you not, on the 2nd day of last August, at your mother's house, in Hays County, tell Miss Sally McCay that you gave Kone and McCay permission to use your name, but they must give you notice?" The witness answered, "No, I did not."

The State next offered in evidence the alleged forged note, which is as follows:

"$4200.                           Temple, Texas, July 9th, 1891.

"Ninety days after date, I, we, or either of us promise to pay to the order of C. L. McCay, at their office in Temple, Texas, the sum of forty-two hundred dollars, value received, with interest at the rate of ten per cent per annum from maturity until paid; and if this note is not paid in full at maturity, and placed in the hands of an attorney for collection, I do agree to pay ten per cent additional on the amount of principal and interest on this note which may be due, to cover the expense of said collection, which ten per cent I do agree shall be included in the judgment which may be rendered on this note.

"Due Oct. 9, '91.                                S. R. Kone.

"P. O. address.

"No. ———."

The endorsement on the back of the note was as follows:

"Pay to the Bell County National Bank.

"C. L. McCay."

L. C. McDowell, for the State, said: I live in Temple, Bell County, Texas.. I know Henry D. Kone. I lived in Temple on the 9th day of July, 1891. I was bookkeeper of the Bell County National Bank, at Temple. Henry D. Kone was cashier and C. L. McCay was the president at that time. I first saw the note here in evidence in the bank in Temple, Bell County, Texas, on the 9th day of July, 1891; it was made there in the bank, and I placed it on the book the same day. The body of the note is in Henry D. Kone's handwriting; the name of S. R. Kone is either defendant's or Henry D. Kone's writing, I can't tell which, as they write very much alike; and the name S. R. Kone is written in a crowded hand, not in the usual handwriting of either defendant or Henry D. Kone. I heard C. L. McCay swear here in court, last August, in a suit of B. I. Arnold, receiver of the bank, against S. R. Kone, that the note was signed under his direction; he did not say who did the writing. This note was entered on the books of the bank to the credit of C. L. McCay. This was all in Temple, Bell County, Texas, July 9, 1891.

B. I. Arnold, for the State, said: I know the note in evidence. I am receiver of the Bell County National Bank, at Temple, Bell County, Texas. The Bell County National Bank was organized on the 28th day of August, 1890. The note here in evidence was entered on the books to the credit of C. L. McCay, attorney, on the 9th day of July, 1891, and the bank was closed by a bank inspector, under orders of the Comptroller of the Currency of the United States, on the 18th day of January, 1892, and I was appointed receiver, and the note in evidence was a part of the assets of the bank. The amount of the note is $4200. As receiver, I brought suit on the note against S. R. Kone.

Miss Sally McCay, for the defendant, said: I now live with my brother, the defendant, in Temple, Bell County, Texas. I have known Sam Kone a long time; also know Henry D. Kone. The witness was asked the following question: "Did Sam Kone, on the 2nd day of August last, at his mother's house, in Hays County, tell you that he gave Kone and McCay permission to use his name, but they must give him notice?" Answer: "He most emphatically did. Mrs. Ralph Smith, defendant's wife, and Henry D. Kone's wife were also present and heard him also."

C. L. McCay, the defendant, testified for himself: I am the defendant in this case. I know the note here in evidence. Henry D. Kone wrote it at Temple, Bell County, Texas. We had Sam Kone's authority to use his name. We were thinking of organizing a national bank at Temple, Bell County, Texas. I told Henry D. Kone to go up to Waco and see Sam, and tell him we wanted to use his name for $4000 or $5000. When Henry came back he told me that Sam said it was all right; when we wanted to use it to let him know. I said to Henry, "Let him know? Is not that what you went to see him about?" He answered, "Yes, it is all right." I told Sam about my using his name in December, 1890, and told him that he had authorized me to use his name, but he claimed not to remember or know anything about it. We were on the train with the children, going from San Marcos to Bastrop. This note here in evidence is a renewal of a note for $4200 that had been in the bank for sometime. I don't know whether I paid the interest on the note or not. Sam never made any objection to this note till he was sued by Mr. Arnold at the last term of this court. We did not intend to defraud Sam Kone or any one else out of one cent. We thought we had his authority to use his name. We had loaned each other money, and had never required notes to be passed. When I told Sam about using his name when we were on the train, together with our children, I told him the bank was in a prosperous condition, and that I was doing well, and that I expected the bank to do well in Temple. He also told me of his business.

Cross-examined: I was president of the Bell County National Bank, in Temple, Bell County, Texas, on the 9th day of July, 1891. Henry D. Kone was the cashier of the bank. We are both indicted in this case. I don't know whether I swore here in court last August that Henry D. Kone signed this note under my direction at Temple or not. You can have it that way if you want to. The $4200 note here in evidence went into the assets of the bank as bills receivable. I don't know what this note is worth. I don't know whether it is worth anything or not. My endorsement on the back of the note was put there by Henry Kone. T. S. Henderson said that he put in over my endorsement, "Pay to the Bell County National Bank." I passed to the bank a note for $3000, signed Charles Lewis; this was my note, and it passed to the assets of the bank.

My name is Charles Lewis McCay. I have never paid one cent on the Charles Lewis note. There is also a note for $2000, signed by Henry Davis Kone. I am not in the habit of signing my name Charles Lewis; that is only my given name. Henry D. Kone is not in the habit of signing his name Henry Davis. Henry D. Kone has never paid anything on the Henry Davis note that I know of. I don't know whether the Charles Lewis and Henry Davis notes are worth anything or not. I am not charged with forging the name of F. M. Nall to a $3000 note. I had authority to sign Nall's name. The note I signed Charles Lewis, for $3000, and the Henry Davis note, made $5000 that passed to the assets of the bank.

Redirect: The $3000 note signed Charles Lewis, and the one signed Henry Davis, are notes we drew for overdrafts. The bank was owing us on salary. I paid $5500 into the bank, all of which I have lost.

Miss Sally McCay, recalled, said: I was present and heard the conversation between defendant and Henry D. Kone, when he returned from Waco. Defendant said to Henry: " Did you deliver my message to Sam ?" Henry said, " Yes." Defendant asked " What did he say ?" Henry answered, that Sam said it was all right, go ahead; let him know when you wanted to use it. Defendant said to Henry, " You say he said to let him know; I thought that is what you went for." Henry said, " That is all right; go ahead."

The requested instruction asked for defendant and refused, and which it is held the court should have given, is as follows, viz.:

" If you believe from the evidence, that previous to the signing of the name of S. Kone to the $4200 note, the defendant, C. L. McCay, sent Henry D. Kone to S. R. Kone, to ask him for authority to use his name, and that when Henry D. Kone returned he told C. L. McCay that he had seen S. R. Kone, and it was ' all right, go ahead,' and ' that when they did so, to give him notice,' or words to that effect; and if you believe, that acting by virtue of said message, so reported by Henry D. Kone, said note was executed, either alone, or by defendant in connection with Henry D. Kone, in the honest belief that said message was true, and that he had authority so to do, then you must find him not guilty, and say so by your verdict. Whether Henry D. Kone's report to the defendant was true or false, it makes no difference, if defendant either executed or assisted in executing said note, in the reasonable belief that he had S. R. Kone's consent."

*Jones & Garwood* and *Harris & Saunders*, for appellant, filed an able and elaborate brief and argument.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the offense of forgery, and his punishment assessed at three years in the penitentiary, from which he appeals.

1. The appellant complains, that the court erred in the tenth paragraph of his charge, to the effect, that if the jury believed from the evidence that defendant signed the name of S. R. Kone to the note under an authority which he had good reason to believe, and actually did believe, to be sufficient, then defendant would not be guilty, upon the ground that the court required them to believe that defendant thought he had authority before they could acquit him. The charge is correct. It is in the very language of the code. Penal Code, article 441. But a majority of the court believe that the special requested charge should have been given, as it constituted the turning point of the case.

2. But it is insisted, that the court should have further charged on a reasonable doubt as to this particular phase of the case, and the general charge on reasonable doubt was not sufficient. The case of Williams v. The State, 24 Texas Criminal Appeals, 346, is relied upon as sustaining the contention of appellant. While there are some expressions in the opinion supporting the position of appellant, an examination will show that that case was reversed because of a failure of the court to charge upon the question of authority to execute the instrument, and not on the failure to charge on reasonable doubt. In McCulloch's case, 23 Texas Criminal Appeals, 636, the law is declared settled, that " as to reasonable doubt, if the charge applies this to the whole case, this will satisfy the demands of the law;" citing King's case, 9 Texas Cr. App., 558; Webb's case, 9 Texas Cr. App., 514. See, also, Powell's case, 28 Texas Cr. App., 398; Thurmond's case, 27 Texas Cr. App., 371. The court did not err in failing to charge on reasonable doubt as to this particular phase of the case.

3. The court did not err in overruling a motion for new trial, so far as based upon the ground of newly discovered evidence. It is difficult to see how the fact that appellant had signed *two* notes with Sam R. Kone's name, instead of one, could have been newly discovered evidence, or the fact that one of the notes had been paid, and Sam R. Kone had received the money with which he paid the note. Why could not this testimony have been ascertained by ordinary diligence? If the testimony adduced on the trial of the cause had been, in our judgment, sufficient to sustain the verdict, we should see no reason to reverse on this ground, nor upon any ground set forth in the assignment of error, except the failure to give the special charge, as aforesaid.

4. Upon the facts of this case, after a careful and long examination thereof, we feel unable to sanction the verdict, at least until certain other facts are ascertained. The charge is a forgery of the name of S. R. Kone to a promissory note for $4200 by Henry D. Kone and the appellant, who

desired to use, and did use, the note in organizing the Bell County National Bank, in 1890. Henry D. Kone is the brother and appellant the brother-in-law of S. R. Kone. It seems to be clearly proven that S. R. Kone was in fact willing for them to use his name in organizing the bank. The only difference between the State and the defendant was, the State claimed S. R. Kone said they (appellant and Henry D. Kone) must notify him when they needed his assistance, and defendant claimed that S. R. Kone said they must notify him when they *used* his name. Upon this difference rests the State's case of forgery, resting on a verbal message sent through his brother, and doubtless sent after a full statement of the proposed plans between the two brothers. When we consider the close family relationship, intimacy, and business methods shown to exist between the parties, also the unquestionable confidence of S. R. Kone in their financial standing and business capacity, shown in his willingness to lend his name and credit for some $5000 on their simple request, we are strongly impressed with the uncertainty of there being any forgery in this case; even conceding that S. R. Kone's statement was not strongly shaken by Miss McCay.

Where was the necessity for the forgery? Had it been shown that no request had been made of S. R. Kone for the use of his name; or that he had, on being requested, declined to permit it; or even if he stated that it was doubtful whether he could do so, a different case would be presented. But there seems to be no question of the ability or willingness of S. R. Kone to assist them in the project of organizing the bank by the use of his name, or in any other manner. It was further shown, that the note was executed, the bank organized and continued in operation for two years, and the note in question was renewed. It is further shown, that the bank in question failed, and S. R. Kone was sued upon his note by the receiver of the bank. It is strongly suggested by the record in this case, that S. R. Kone was suddenly presented with the note for payment at a time when he was financially pressed and unable to pay it; that in order to save his credit, he interposed the plea of non est factum to defeat the suit brought against him, perhaps without considering the possible consequences to his brother and appellant.

Upon the trial of this case, S. R. Kone was confronted apparently with the alternative of the falsity of his own plea or the forgery of appellant and his brother. Circumstances may, however, have justified the plea without forgery being the result. It is not every signing another man's name without authority which constitutes forgery. There must inhere in the act an intent to injure or defraud. If there is a reasonable and honest belief that the signature will be approved, there can be no forgery. Penal Code, art. 441. Again, if the statement made in the clerk's office by S. R. Kone during the trial is considered, it would seem there were two notes instead of one. That S. R. Kone received the money upon

one, and paid it upon being pressed by the receiver. It would seem that he received the money without protest or question. The pertinent inquiry is, if that note was made without his consent, expressed or implied, why was he accepting money on it instead of repudiating the transaction?

Mr. Bishop says, that where a person whose name is alleged to be forged does not, on being notified of the use of his name, directly repudiate it, it ought to constitute before the jury a considerable obstacle to conviction; because such conduct gives rise to a strong presumption that the accused acted with the tacit connivance, if not open consent, of the other. 1 Bish. Crim. Law, sec. 599.

The judgment is reversed and cause remanded.

HURT, P. J., and DAVIDSON, J.—The issue in this case, made so by the relationship of the parties and their manner of dealing with each other, was whether appellant had reasonable grounds for and did believe that he was authorized to use the name of the prosecutor. We are of the opinion, that the special requested instruction should have been given. If not strictly correct in its application to the facts, it was sufficient to call the attention of the court to this phase of the evidence.

*Reversed and remanded.*