## E. A. WHITE v. THE STATE.

No. 1029. Decided March 8, 1911.

**1.—Forgery—Evidence—Defendant as a Witness—Moral Turpitude.**

Upon trial of forgery there was no error to require the defendant, on cross-examination as a witness, to answer that he had been previously convicted of swindling, to show moral turpitude; and this without introducing the judgment of conviction.

**2.—Same—Absence of Judge—Harmless Error.**

Where, upon trial of forgery, the judge briefly absented himself from the courtroom during the argument of the case by the attorneys for the defendant, but it was not shown upon appeal that anything occurred during said absence of the judge to the detriment of the defendant, there was no reversible error.

**3.—Same—Evidence—Corporation.**

Upon trial of forgery, where the indictment alleged that the injured party was a corporation duly incorporated, there was no error in admitting

testimony sustaining such allegation; although it was not necessary, it not being denied under oath.

#### 4.—Same—Evidence—Identification—Telephone.

Upon trial of forgery, where the identification of the defendant as the party with whom the conversation occurred over a telephone was sufficiently certain, there was no error in admitting this testimony.

#### 5.—Same—Charge of Court—Date of Offense—Clerical Mistake.

Where the indictment alleged that the offense of forgery was committed on April 15, 1909, and no other date was mentioned therein, and the charge of the court referred the jury to the indictment in passing upon the guilt of the defendant, a clerical mistake in the charge of the court with reference to the date of the offense was not reversible error under article 723, Code of Criminal Procedure.

#### 6.—Same—Consent—Charge of Court.

Where, upon trial of forgery, there was evidence that the defendant had the implied consent of the party whose name was alleged to have been forged to sign his name to the alleged forged instrument, the court should have submitted this issue to the jury in a proper charge; especially when a charge was requested thereon.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Pope.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lanier & Martin* and *V. A. Collins*, for appellant.—On the question of compelling defendant as a witness to say that he had previously been convicted of swindling. Felsenthal v. State, 30 Texas Crim. App., 676; Fore v. State, 5 Texas Crim. App., 251; Dysart v. State, 46 Texas Crim. Rep., 52.

On the question of the trial judge's absence: Bateson v. State, 46 Texas Crim. App., 34; Williams v. State, 99 S. W. Rep., 1000; Goodman v. State, 47 Texas Crim. Rep., 388, 83 S. W. Rep., 196; Anderson v. State, 50 Texas Crim. Rep., 134, 95 S. W. Rep., 1037; Carney v. State, 47 Texas Crim. Rep., 566, 85 S. W. Rep., 7; McLaughlin v. State, 48 Texas Crim. Rep., 215, 87 S. W. Rep., 158.

On question of admitting testimony showing corporation: Burton v. State, 51 Texas Crim. Rep., 196, 101 S. W. Rep., 226; Lamar v. State, 49 Texas Crim. Rep., 563, 95 S. W. Rep., 509; Sayles' Statutes, articles 2305-6.

Upon question of the court's failure to charge on consent: McKay v. State, 32 Texas Crim. Rep., 238; Sweet v. State, 28 Texas Crim. App., 223; Webb v. State, 47 Texas Crim. Rep., 306; Upton v. State, 48 Texas Crim. Rep., 289; Rutherford v. State, 16 Texas Crim. App., 649; Reinhart v. State, recently decided.

*C. E. Lane*, Assistant Attorney-General, for the State.—On question of compelling defendant to answer that he was convicted of swindling: Darbyshire v. State, 36 Texas Crim. Rep., 547; Bruce v. State, 39

Texas Crim. Rep., 26; Brittain v. State, 36 Texas Crim. Rep., 406; Moralos v. State, id., 234; Oliver v. State, 33 Texas Crim. Rep., 541; Jackson v. State, id., 281; Clark v. State, 38 Texas Crim. Rep., 30.

On question of incorporation: Bury v. Mitchell Co., 74 S. W. Rep., 341.

Upon question of consent: Stephens v. State, 49 Texas Crim. Rep., 489, 93 S. W. Rep., 545.

PRENDERGAST, JUDGE.—The appellant was indicted on June 24, 1909, for forging a note for $22.20 on W. W. Blake, on April 15, 1909, was convicted and his punishment assessed at two years in the penitentiary.

There are many complaints presented by the motion for new trial herein, all of which we have considered. The appellant has also briefed the case and presented certain questions in the brief. These only we will take up and decide, as the others raised by the motion for new trial are not presented by the brief, and none of them are sufficient to show any reversible error.

1. The appellant complains that it was error in the lower court to require him, who testified as a witness, upon cross-examination by the State, to answer that he had been previously convicted of swindling. It is now elementary in this State that when a defendant testifies as a witness he thereby subjects himself to cross-examination just as any other witness does. It is also elementary in this State that a witness can be compelled and is required to answer whether he has been convicted of a felony or other offense showing moral turpitude. Swindling certainly shows moral turpitude, and there was no error in the court requiring the appellant to answer that he had been so convicted. It has also been repeatedly held in this State that it is not necessary to require the judgment of conviction to be introduced in evidence. The witness himself can be compelled to answer without that.

2. It is also insisted that it was reversible error for the judge of the court, during the argument of the case by the attorneys for appellant, to absent himself from the courtroom, and this without in any way showing that anything occurred during his absence to the detriment of the appellant. We are cited to the case of Bateson v. State, 80 S. W. Rep., 88. In that case it was clearly shown that many things occurred during the absence of the court from the room that were objectionable, and that if the court had been present, exception would have been made thereto at the time, but that they were prevented from making such objection because of the absence of the judge and to have gone and hunted him up would have unduly interrupted the case, and that of itself and the calling attention thereof to the jury would have been detrimental to the appellant. What was said with reference to the absence of the judge during the trial in that case must be construed in connection with what was shown to

have therein transpired. We do not understand that in that case the temporary and short absence of the judge from the courtroom when he is in easy access in an adjoining room would, without any prejudice or injury to the appellant, authorize or justify a reversal on that account alone. The judge should, of course, remain in the courtroom or in such proximity and view of the jury and parties engaged in the trial that he can at all times be approached, and control the proceedings, and we can not understand why a judge should absent himself from the courtroom and permit the trial to continue. If necessity compels his retirement for any purpose, he should suspend the proceedings until his return. What we say on this point is that as no injury whatever was shown to the appellant by the judge absenting himself at this time, a reversal of this case would not be authorized on that account alone. Hence, there was no error in refusing to grant a new trial on that ground.

3. Neither was there any error in the court below permitting the witness Powell to testify that the Neches Lumber Company was a corporation and that he was the secretary and treasurer. The indictment charged that said lumber company was a corporation and duly and legally incorporated. This not being denied under oath required no proof, but it was taken to be true without proof. Therefore, there was no error in permitting this testimony by this witness.

The testimony of the witness Powell, taken as a whole, was sufficient identification of the appellant as the party with whom the conversation occurred over the telephone to admit the testimony before the jury and there was no error in the court, under the circumstances, admitting his testimony on that point.

4. It is urgently insisted and the question was raised by motion for new trial in the court below that because the charge of the court stated that the defendant was charged by indictment with the offense of forgery alleged to have been committed in Jefferson County, Texas, on or about the 15th day of April, *1910*, in the first paragraph of his charge, and in submitting the case to the jury in another paragraph stating that if they believed from the evidence beyond a reasonable doubt that the defendant with the intent, etc., did on or about the 15th day of April, *1910*, falsely make the instrument, etc., when the indictment charged that the offense was committed on April 15, *1909*, was fundamental error and should require the reversal of this case. It is perfectly evident from this record that the court in fixing the date of April 15, *1910*, made a clerical mistake and should have stated April 15, *1909*. The charge of the court in the first paragraph above quoted in telling the jury what the instrument was that was charged to have been forged by the appellant, stated a full description of said instrument was set forth in the indictment, "to which you are referred for its purport and tenor." The indictment charges the offense to have been committed on April 15, 1909, and no other date is mentioned therein. All of the testimony and the instrument

itself introduced in evidence shows that April 15, 1909, and no other date—and especially not April 15, 1910—was before the jury. No injury whatever is shown to have occurred to the defendant. The Code of Criminal Procedure, article 723, clearly prohibits this court from reversing a case when such clerical error is made unless the error was calculated to injure the rights of the defendant. On this point it is perfectly evident that no injury whatever did occur or could have occurred by reason of this clerical mistake in the charge of the court. However, this error and nothing like it will probably occur on another trial. We have deemed it necessary to say this much in order that there may be no misapprehension of this court's construction of such matters in view of said article 723 above cited.

5. The testimony of the appellant sufficiently showed and there was some testimony by other witnesses which may have corroborated him, that he claimed to have had authority from Judge Blake, the person whose name was charged to have been forged to the instrument alleged to be a forgery, to sign his name thereto, and appellant testified that under the circumstances and conditions and relations that existed between "myself and Judge Blake at that time I felt fully authorized to do as I did. In signing Judge Blake's name to that note I did not mean to cheat or defraud Judge Blake or anyone else." Even though it should be held that the overwhelming weight of the testimony disputed the appellant on this point, the matter should have been submitted to the jury. The court does not decide the questions of fact. The law makes the jury determine that, and the jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. Article 540 of the Penal Code provides: "When the person making or altering an instrument in writing acts under an authority which he has good reason to believe, and actually does believe, to be sufficient, he is not guilty of forgery, though the authority be in fact insufficient and void." And so article 532 of the Penal Code provides: "The false making or alteration, to constitute forgery, must be done with intent to injure or defraud, and the injury must be such as affects one pecuniarily, or in relation to his property." This latter question as to the intent to injure or defraud may have been sufficiently submitted by the court's charge, but the other question, shown by the above testimony and article, was in no way submitted to the jury by the court in its charge. The appellant requested at the time an apt charge on this subject which should have been given and the failure of the court to give it necessarily results in the reversal of this case.

We deem it unnecessary to discuss any of the other matters that may be assigned as error. Doubtless none of them will occur upon another trial.

For the error above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*