## MURRY WELDER v. THE STATE.

No. 16356. Delivered February 7, 1934.
Reported in 68 S. W. (2d) 495.

The opinion states the case.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is swindling; the punishment, confinement in the penitentiary for five years.

Appellant drew a draft on the San Antonio National Bank in favor of John H. Booth, the injured party, in the sum of fifty dollars. Upon delivery of the draft, Booth delivered to appellant fifty dollars in money. In the ordinary course of business the draft was presented to the San Antonio National Bank and payment refused for the reason that appellant had no funds in the bank. At one time appellant had carried an account in the bank, but this account had been closed several months prior to the drawing of the draft. The injured party testified on cross-examination by appellant's counsel, without objection, that appellant had given worthless checks in the city of Austin aggregating the sum of one hundred fifty dollars, and further, that he had been swindling people all over the state.

Appellant testified that he had received no statement from the bank and did not know that his account had been closed. The effect of his testimony was that he believed at the time he drew the draft that he had sufficient funds to cover it.

One bill of exception is brought forward. It is in question and answer form, with no certificate on the part of the trial judge that such form was necessary. Under the circumstances the bill is not entitled to consideration. If it should be considered, it appears that appellant was questioned on cross-examination by the district attorney as to whether he had been indicted for swindling in San Antonio and Houston. The objection to the question was that the proof of former indictments was not admissible because of the fact that appellant had not been convicted. The objection was not tenable. If the impeaching testimony is not too remote, the accused may be impeached by proving by him on cross-examination that he had been indicted or convicted, or that he was then under indictment for a felony or for a misdemeanor imputing moral turpitude. Branch's Annotated Penal Code, sec. 167; Lights v. State, 17 S. W., 428. Swindling is an offense involving moral turpitude. White v. State, 135 S. W., 562. Hence it was immaterial whether the

300

indictments for swindling charged a felony or a misdemeanor. The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.