## JIMMIE BRICKELL V. THE STATE.

No. 20529. Delivered November 8, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Henry R. Bishop* and *Raymond Wilson,* both of Fort Worth, for appellant.

*Marvin H. Brown, Jr.,* Criminal District Attorney, *Dayton Moses,* Assistant Criminal District Attorney, both of Fort

Worth,, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of property over the value of $50.00; the punishment assessed is confinement in the State penitentiary for a term of two years.

The testimony adduced, briefly stated, shows that on the 13th day of October, 1938, Mrs. Mary Owens Campbell parked her car on Throckmorton Street in the City of Fort Worth. Intending to be gone only a few minutes, she left the key to the ignition in the car. When she returned, the car was gone. At the time the car was taken, there was a golf bag containing six balls and six clubs in the turtle back. Some two days later the officers located her car near the Riverside School Building in the same city. The keys were in the car and only a little gasoline had been used. Mrs. Campbell testified that the car had been driven only a few miles since it had been taken, and that no damage had been done to it. However, the golf bag and clubs were missing, but the officers located these at a pawn shop where appellant, under an assumed name, had borrowed $4.00 on them. The alleged total value of these clubs was around $39.00, while the car was valued at $700.00. Appellant did not testify or offer any affirmative defense.

Appellant did, however, complain of the court's action in two separate bills of exception in failing to submit to the jury two specially requested instructions. The first was a peremptory instruction to the jury to return a verdict of not guilty. The second was an instruction to the effect that if the appellant took the car but at the time of said taking intended to use said car without the consent of said owner, but did not intend to appropriate it to his own use and benefit other than to drive it and that he thereafter abandoned it after such unlawful use, then and in that event the jury could not convict the defendant for the *theft* of the car, and would then only consider the unlawful taking of the golf bag, balls and clubs."

We are of the opinion that the appellant was entitled to this requested instruction or one of like import, because the issue was fairly raised by the evidence. If the appellant took the car with no intention of stealing the same, but only intended to use it without the owner's consent and for a mere temporary purpose, he would not be guilty of theft, but only of using a vehicle without the owners consent, which is denounced by Art. 1341 P. C. as a misdemeanor. The evidence showed that the car had been driven only a few miles and then

abandoned in the same city, undamaged and unharmed. Only the golf clubs and bag were missing. Under these circumstances, we feel that the trial judge should have given the requested instruction or one of similar import. For analagous cases see Smart v. State, 116 Tex. Crim. Rep., 639; Carroll v. State, 25 S. W. (2d), 345; Sec. 116 Tex. Juris. Vol. 41, p. 277; Galloway v. State, 71 S. W. (2d) 871.,

It is a well settled rule in this State that a defendant is entitled to an affirmative instruction upon every issue raised by the evidence, whether such evidence was produced by the State or the defense and whether it be strong or feeble, unimpeached or contradicted. See Kibbe v. State, 133 Tex. Crim. Rep., 494 and authorities there cited.

For the error above mentioned, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING

CHRISTIAN, Judge.

A careful review of the testimony adduced upon the trial in the light of the State's motion for rehearing leaves us of opinion that the circumstances of the transaction raised an issue as to whether the taking of the automobile in question was for a mere temporary use. Hence we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.