JOHNNIE ORR v. THE STATE.

No. 22700. Delivered January 26, 1944.

The opinion states the case.

*Charles W. Hackett,* of Texarkana, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of an automobile over the value of $50.00. The punishment assessed is confinement in the State penitentiary for a term of three years.

Appellant brings forward a number of questions relating to the court's action in overruling his first application for a continuance and the refusal to give his requested instruction to the jury. We do not deem it necessary to discuss the question pertaining to the court's action in overruling the application for a continuance as that matter may not arise upon another trial.

The chief question presented in the record relates to the refusal of the court to submit to the jury appellant's Special Requested Charge No. 6, which reads as follows:

"Gentlemen of the Jury: You are instructed that even though you believe from the evidence that Johnnie Orr knew at the time he received the tires from Maxey Lott that same were stolen, he would not be guilty as charged in the indictment unless you further find that he was actually present in Cass County, Texas, at the time and place where said automobile was stolen; actually participating or assisting either by acts or encouraging by words or gestures, and unless you do find that he was present at the time of the taking, or if you have a reasonable doubt thereof, you will acquit the defendant, and so say by your verdict, 'Not Guilty'."

The only instruction which the court gave touching the subject is as follows:

"If you believe from the evidence, or have a reasonable doubt thereof, that Maxey Lott stole the automobile in question and the defendant had no connection with the stealing of the same, then you will acquit the defendant."

The foregoing instruction by the court did not fully present appellant's defensive theories in an affirmative manner. The evidence shows that Maxey Lott was the person who was first seen in possession of the five tires taken from the alleged stolen

automobile which he sought to sell to one Hopkins who, at the time was rooming at the home of Mrs. Redman, but Hopkins, after consulting some of his friends, declined to purchase them. In the meantime, Mrs. Lott, wife of Maxey Lott, had gotten in touch with Hardy Caldwell and informed him that she knew where he could purchase some tires. He told her to tell the man to come by; that Maxey Lott, accompanied by appellant and his wife, came to the home of Mrs. Redman, where he delivered two of the tires to appellant and instructed him to sell them for $30.00; that appellant took the tires and sold them to Hardy Caldwell, who paid for them with three $10.00 bills which appellant delivered to Lott. Therefore, the court should have given appellant's requested charge No. 6 heretofore set out, or one of similar import. An accused is entitled to an affirmative instruction on the law relative to every defensive issue raised by the evidence. See Latta v. State, 124. Cr. Cr. R. 618; Smith v. State, 89 Tex. Cr. R. 606; Miles v. State, 77 Tex. Cr. R. 597; Brickell v. State, 134 S. W. (2d) 262, 138 Tex. Cr. R. 101; Burt v. State, 138 Tex. Cr. R. 540; Barnes v. State, 167 S. W. (2d) 197, and cases cited. The court's charge being inadequate to fully present the law applicable to all the defensive issues raised by the evidence, his refusal to submit appellant's requested instruction was a curtailment of appellant's legal rights which is such an error as requires a reversal of the case.

We do not deem it necessary at this time to express an opinion as to the sufficiency of the evidence to sustain the conviction for the offense of theft further than to say that we entertain serious doubt relative thereto.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.