ODEAN EαVANS V. THE STATE.

No. 23971. Delivered March 24, 1948.
State's Motion for Rehearing Overruled (Without Written Opinion)
April 21, 1948.

*Anglin & Jones,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving an automobile upon a public highway while intoxicated. The punishment assessed is a fine of Fifty Dollars.

The record reflects that on the night of July 24th, 1947, appellant and Roy Prather were arrested while sitting in ap-

pellant's parked automobile in front of Hatley's Drive-Inn located in Gregg County. Both of the occupants of the car were intoxicated. S. L. Harris testified that on the night in question he passed an automobile between Gladewater and Greggton that was swerving all over the road and almost forced him to drive his automobile off the road; that he turned around, followed the car, obtained the number on the license plate and turned it over to the officers. It appears from the record that the officers immediately began to look for the automobile bearing the designated license number and about twenty minutes later found it parked at the place aforesaid. Appellant and Prather admitted that they were under the influence of intoxicating liquor but denied that appellant at any time drove the car; that one Alfred Mitchell drove the car until they arrived at the Drive Inn when he saw someone he knew; left them seated in appellant's car; and went away. Mitchell was not present at the trial as he had gone to California a day or two prior thereto.

By Bill of Exception No. 1 he complains because the court failed to instruct the jury relative to his affirmative defense, and declined to give appellant's timely requested instruction on the subject which is as follows:

"Gentlemen of the Jury, you are instructed that if you believe from the evidence or have a reasonable doubt thereof, that some person other then the defendant was driving the defendant's car at the time and place charged in the information, you will find the defendant NOT GUILTY."

We think that the issue was clearly raised and he was entitled to an affirmative charge on the only defense interposed by him. In support of what we have said here, we refer to the following authorities: Brickell v. State, 134 S. W. (2d) 262; and Snider v. State, 165 S. W. (2d) 904, where a number of authorities are cited on the subject.

Appellant's next complaint relates to the court's action in declining to peremptorily instruct the jury to return a verdict of not guilty. His contention is that he was entitled thereto because the corpus delicti was not proven. We are not in accord with this contention because when the officers approached the automobile, appellant was under the steering wheel and when the officers inquired of him who was driving the car he replied that he did. Furthermore, the manner in which the car was driven was a circumstance which indicated that the driver of the car was intoxicated and there is not any evidence from any source that Mitchell, who appellant claims drove the car, was

drunk or under the influence of intoxicating liquor. We therefore overrule this contention.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.