**UNITED STATES of America,**
**Appellant,**

v.

**COMMERCIAL CREDIT CORPORATION, Intervenor and Claimant of One 1954 Oldsmobile Sedan, Motor No. V-4518, Appellee.**

**No. 15676.**

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1955.

---

Cavett S. Binion, Asst. U. S. Atty., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellant.

Spencer Carver, Biggers, Baker, Lloyd & Carver, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

PER CURIAM.

Charging in a libel of information that one Glenn Roach used an Oldsmobile Sedan for the purpose of concealing and transporting a contraband article, to-wit, narcotic drugs, the United States sought its forfeiture under Sections 781–787, Title 49 U.S.C.A.

The claimants, Martin Rambo, the owner of the car, and Commercial Credit Corporation, the owner of a purchase money lien thereon, given by Rambo, intervened, alleging that Roach, the person guilty of the unlawful use of the car acquired possession and made unlawful use of it without the consent or knowledge of the owner and in violation of Art. 1341, Penal Code of Texas, Revised Statutes of 1925,[1] and that, therefore, under Section 782[2] of Title 49, the car was not subject to forfeiture.

Thereafter the cause came on for trial on the issues tendered and the district judge, finding that the facts and the law were as claimed by intervenors and that the owner was in default on his payments, entered a judgment denying the forfeiture and ordering the car delivered to Commercial Credit Company, the lienholder.

Appealing from the judgment, the United States is here urging upon us that the record does not support the court's findings and conclusions and that the judgment should be reversed.

We cannot agree. We think, on the contrary, that the evidence fully supports the findings of fact, that the car was unlawfully used without the consent of the owner, and that it was unlawfully taken into possession and used by Roach in violation of the Texas statute invoked. Brickell v. State, 138 Tex.Cr.R. 101, 134 S.W.2d 262.

The judgment was right. It is affirmed.

---

1. "Art. 1341. Driving vehicle without consent

"Whoever wilfully and in the absence of the owner drives or operates or causes to be so driven or operated upon any public road or highway any automobile, motor cycle, or other motor vehicle, bicycle, buggy or other horse driven vehicle without the consent of the owner thereof, shall be fined not to exceed one thousand dollars, or be imprisoned in jail not to exceed one year, or both."

2. Title 49 U.S.C.A. § 782 provides:

" * * * provided further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States or of any State."