## H. M. PATTERSON V. STATE

No. 28,738. January 9, 1957.

G. C. Harris, Greenville, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated.

Our able state's attorney has confessed error herein, and, because we have concluded that he is correct in his position, a recitation of the facts will not be called for, other than to observe that the appellant testified that he was seated in the middle of the front seat of his automobile at the time it was brought to a halt by the officers, that John Walker was driving, and Bill Robertson was seated at his right, and that he had not driven the automobile since the three of them returned to Hunt County.

Appellant objected to the court's charge because it failed to instruct the jury to acquit the appellant if they found that John Walker was the driver of the automobile at the time and on the occasion in question.

This court has held a failure to give such a charge under a

similar state of facts is reversible error in Eavans v. State, 151 Texas Cr. Rep. 587, 209 S.W. 2d 923; Brickyell v. State, 138 Texas Cr. Rep. 101, 134 S.W. 2d 262; Snider v. State, 145 Texas Cr. Rep. 49, 165 S.W. 2d 904, and in cases there cited.

In view of another trial, we observe that the punishment assessed was a fine only, whereas the statute makes a jail term mandatory.

Because of the failure of the court to charge in an affirmative manner on the defense raised by the appellant's testimony, the judgment of the trial court is reversed and the cause is remanded.