**Benny T. JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 37650.

Court of Criminal Appeals of Texas.

March 3, 1965.

Enoch G. Fletcher, Grand Saline, for appellant.

Ralph Prince, Dist. Atty., Longview, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for forgery; the punishment, two years.

At the trial it was shown by the state's testimony that, on the date alleged, the appellant presented to the prosecuting witness, Robert Jackson, an employee of Bal-lard drugstore in the city of Longview, state's exhibit #1, which was a check dated May 27, 1963, at Kilgore, Texas, drawn on the Citizens State Bank & Trust Co., in the sum of $34, payable to Benny T. Jones and signed by J. E. Kraft. After appellant produced his driver's license and endorsed his name, address, and license number on the back of the check, Jackson accepted the check and gave appellant the sum of $34 in cash. The check, upon being deposited in the bank for payment, was returned unpaid. Special investigator Marvin Kendall, of the district attorney's office, testified that he made a search for J. E. Kraft and failed to find any such person. He stated, however, that a person by the name of James Craft, whose initials he believed were "J. E.," was known to him.

Testifying as a witness in his own behalf, appellant admitted presenting the check to the prosecuting witness but swore that he filled out the check and signed the maker's name thereto upon instructions of one "J. E. Kraft (Or Craft)," with whom he was engaged in a joint venture of passing worthless checks. He stated that while his companion usually signed checks in the name of "James Craft," he had seen him spell the name both "Kraft" and "Craft." He further testified that he wrote the check in question while he and his companion were seated in an automobile in front of the drugstore and that when, by mistake, he wrote the maker's name "J. E. Kraft," his partner-in-crime said it would make no difference to appellant because the check would "bounce back to him personally."

Under the court's charge, the jury was required, before convicting appellant, to find from the evidence beyond a reasonable doubt that, with intent to defraud and without lawful authority, he did falsely make the check in question, purporting to be the act of another, to-wit: J. E. Kraft.

No instruction was given by the court which would have submitted to the jury

the appellant's affirmative defense of lawful authority to make the check in question. Certain requested charges were presented by him and refused by the court which were sufficient to call the court's attention to such omission.

Recently, in Barton v. State, Tex.Cr. App., 361 S.W.2d 716, in reversing a forgery conviction for the court's failure to submit a defensive issue to the jury, we said:

"It is well settled that an accused is entitled to an affirmative instruction on the law as to every defensive issue raised by the evidence, even though such issue be raised by his testimony alone. Patterson v. State, 164 Tex.Cr. R. 121, 297 S.W.2d 183, and the cases there cited. See also 31 Tex.Juris.2d, Sec. 108, p. 656."

While appellant's explanation of the transaction is not to be condoned, his testimony was sufficient to raise the defensive issue of his authority to make the check and, under the record, the court fell into error in failing to submit such an issue to the jury. McCay v. State, 32 Tex.Cr.R. 233, 22 S.W. 974; Knowles v. State, Tex. Cr.App., 74 S.W. 767; White v. State, 61 Tex.Cr.R. 498, 135 S.W. 562.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

I respectfully dissent to the reversal of this conviction. It is not a defense to crime that one criminal has instructed or advised or encouraged his confederate to commit the crime. Appellant admitted that he and J. E. Craft worked together in giving bad checks, and one of them, which formed the basis of this prosecution, was signed J. E. Kraft and was admittedly written by appellant, who stated that "I think I signed it under his instructions." No J. E. Kraft was known in the county of this prosecution, and J. E. Craft was shown to be in the Dallas jail. A man named Craft (as he was known to appellant's father) has no authority to instruct his confederate in crime to utter a spurious instrument bearing the name Kraft and then claim that it is a worthless check instead of a forgery.

I respectfully dissent.