LEE BEASON v. THE STATE.

No. 2400.   Decided February 12, 1902.

**1.—Burglary—Evidence—Judicial Confession—Defendant's Plea of Guilty of the Theft.**

On a trial for burglary and the theft of property from the burglarized house, where it appeared that defendant had previously been prosecuted in the county court for the same misdemeanor theft and had pleaded guilty, his judicial confession was admissible as evidence on his trial for the burglary, notwithstanding he had not been warned or admonished as to the consequence of his plea of guilty in the county court. The rule as to warning does not apply to a judicial confession made in a misdemeanor prosecution.

**2.—Argument of Counsel—Practice.**

Misconduct of the prosecuting attorney in the use of improper argument, in order to be availed of as reversible error, must have been objected to by defendant at the time, together with a special requested instruction to the jury to disregard the same, which the court refused to give.. The only exception to this rule is where the argument is of so flagrant and injurious a character that it will be assumed that even a written requested instruction, if given, would not cure the error.

**3.—Circumstantial Evidence—Test as to and Application of the Rule.**

The true test of circumstantial evidence is, where by no hypothesis in the order of natural causes and effects the facts proved can be explained consistently with the innocence of the accused, it excludes all reasonable doubt as to the prisoner's guilt. But this principle applies only to proof of the act and not to proof

of the intent, and where the act is proved by direct testimony and all that remains to be found is the intent which accompanied the act and which may be inferred from the consequences accompanying the act, this principle does not apply.

**4.—Same.**

Where the main fact, or the act constituting the crime, is shown by indirection, it is a case of circumstantial evidence, although the intent may rest upon positive proof.

**·5.—Burglary—Defendant's Plea of Guilty—Charge as to Circumstantial Evidence.**

On a trial for burglary, a charge upon circumstantial evidence should be given where all the evidence pertaining to the breaking and entry is circumstantial, and the introduction in evidence of defendant's plea of guilty in another prosecution for the theft of the property taken during the burglary does not dispense, in such a case, with the necessity of a charge upon circumstantial evidence. In burglary, the main essential fact or act is the breaking and entering the house, and it is not the intent with which the crime was committed which constitutes the offense; the intention may not be consummated, and yet the crime of burglary may be complete. Nor is the confession of one crime direct proof and positive evidence of the commission of another.

**6.—Remarks by Judge—Charge on Circumstantial Evidence.**

Where the case had been reversed on appeal because the court below had failed to give a charge upon circumstantial evidence, and on the second trial, when the prosecuting attorney insisted that it was not a case of circumstantial evidence, that the court should not charge on circumstantial evidence, whereupon the court, in the presence of the jury, remarked that he agreed with the contention of the attorney, but that the court on appeal had held differently in the case, and he could not say whether he would or would not give such an instruction; Held, the remarks of the court were erroneous and highly prejudicial; and the error was not cured by an instruction, afterwards given, as to circumstantial evidence, because the effect of his previous utterance was to indicate to the jury that he gave this charge reluctantly, and that he was driven to it unwillingly and against his judgment.

**7.—Improper Argument of Counsel—Duty of Court.**

Argument of counsel which is highly improper and prejudicial, if permitted without reprimand by the court when its duty clearly required it should condemn the same, will be assumed to have been acquiesced in and indorsed by the court, and will constitute reversible error.

**8.—New Trial—Report of Grand Jury.**

An objection that the report of the grand jury as to the enforcement of the law in the county was read before the trial of this case, and was such as necessarily must have prejudiced the jury, comes too late and can not be availed of on motion for new trial. It is properly a plea, and should be made in limine.

Appeal from the District Court of Clay. Tried below before Hon. A. H. Carrigan.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No statement is required to further illustrate the questions so forcfully presented and discussed in the opinion.

*Barrett & Barrett,* for appellant, filed an able and elaborate brief.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant, Lee Beason, was charged by indictment with burglarizing a house occupied and controlled by Paul Schucht with

the intent to commit the crime of theft, and that he did fraudulently take fifteen bushels of corn of the value of $6. His trial resulted in his conviction, and his punishment assessed at confinement in the penitentiary for a term of two years.

This is the second appeal (Beason v. State, 2 Texas Court Reporter, 921), and is a companion case to Murmutt v. State, now pending, involving substantially the same issues. The record contains eight bills of exception. The bills will be treated seriatim.

1. The facts show that the burglary committed, and the theft which was consummated in its perpetration, occurred some time between 12 o'clock noon of February 24th, and 12 o'clock of February 25, 1901, being Sunday and Monday respectively. Appellant was arrested on Tuesday, February 26th, about 11 o'clock. When arrested he was in company with his codefendant, Murmutt. This arrest was upon a charge by information and complaint of the theft of the corn from the house alleged to have been burglarized. On Thursday, February 28th, appellant duly entered his plea of guilty to the offense of theft in the County Court of Clay County, and judgment was on that day entered adjudging him guilty, assessing his punishment at a fine of $25 and ten days imprisonment in the county jail. Subsequent to this judgment, appellant was arrested, charged with burglarizing the said house, and was indicted by the grand jury of Clay County, on March 19, 1901. Upon the trial of this case the State introduced the complaint and information, and the judgment upon his plea of guilty in the theft case; to the introduction of which appellant objected, as shown by his first bill of exceptions. This evidence was admissible. The facts clearly show that the plea was entered for the identical theft that is alleged in the indictment in this case; it being alleged, in this case, as one of the elements of burglary. The objection that appellant was not admonished will not apply to a judicial confession in the nature of a plea of guilty in a misdemeanor, but only applies to felonies. Johnson v. State, 39 Texas Crim. Rep., 625; Berliner v. State, 6 Texas Crim. App., 181. We are now discussing only its admissibility; the legal effect of said plea of guilty and its probative force will be discussed later.

2. Bills of exception numbers 1 and 2 complain that the court erred in permitting the witness Paul Schucht to give his opinion as to whether a man could step in at the south window of the west room of the house alleged to have been burglarized, without raising it; and his opinion as to whether or not the door could have been opened by stock that were in the inclosure where the house was situated,—his opinion as to the latter being based upon the fact that there was no evidence of stock being near the entrance in question. These two questions will be thoroughly discussed in the Murmutt case.

3. Bills numbers 3, 4, 5, and 6 all involve the same subject matter. A synopsis of the bills may be stated. In bill number 4 an exception was taken to the following remarks of the district attorney: "The facts in this case are so clear that you can't have a reasonable doubt as to the

defendant's guilt; and if you do not convict this defendant, we had just as well tear down our courthouses and stop paying our officers salaries to try to enforce the law. That the grand jury has done all that they could do; that I have prosecuted this case with all my might; and the officers of the court have done all that they could do; and that his honor, the judge on the bench, is not going to help turn a guilty man loose; he is not that kind of a man that would let a criminal go free; and that it was true that if the jury returned a verdict of not guilty the case would be ended; and if this court thought this defendant was not guilty, the jury would not think that he would sit there and let him be convicted; that he was not made of that kind of stuff; and, if defendant was not guilty, there was no danger of his being convicted, because there were too many courts for this case to go through for an innocent man to be convicted in the courts of Texas." The bill shows that this argument was made in reply to the following argument of defendant's counsel, which is quoted as follows: "Gentlemen of the jury, I am now about to close this case. You see from evidence there have been several trials in this cause, which is indicative of the fact that there is something wrong about this matter, and illustrates the adage, 'that a thing is never settled until it is settled right.' Therefore, gentlemen of the jury, I hope you will settle this case right, and end it by returning a verdict of not guilty; that a verdict of not guilty in a criminal case is so authoritative that it can not be gainsaid by any power in this State; that it is the highest and most binding proceeding in such a case."

In bill number 5 the language complained of, as used by the district attorney, is as follows: "The State has proven that defendant stole the corn mentioned in the indictment, by his plea of guilty. Do you believe that such a man as Judge Allen, your county judge, would let a man plead guilty that was not guilty and did not want to plead? You know that he would not. There is no circumstantial evidence in this case. The old court decided that when a man confessed his crime it was positive evidence, notwithstanding the fact that a little 2x4 court has since decided to the contrary. And I will say to you, gentlemen, you have positive evidence in this case, although the court may think it the safest to give you in charge the rule governing circumstantial evidence."

And in bill number 6, the following language used by the district attorney and the court is complained of: "The district attorney, in his argument before the court and jury, stated to the court, in the presence and hearing of the jury, and read an authority to the court to the effect that where a defendant had confessed his guilt, that a charge on circumstantial evidence should not be given; and that the rule of circumstantial evidence should not be given in this case, because this defendant had confessed the crime. And the court thereupon remarked, in the presence and hearing of the jury, 'I agree with you in your contention; but you know the court has ruled different in this case, and I can't say whether I will charge on circumstantial evidence.'" As a rule of practice it has been uniformly held that an improper argument,—which, for

the purpose of this case, must be conceded,—is not ground for reversal unless appellant not only objected to the same at the time, but followed up this objection by requesting the court by a charge in writing to instruct the jury to disregard the same; and that this charge so requested was refused by the court. White's Ann. Code Crim. Proc., sec. 766, and authorities cited. The exception to this rule is where the argument is so obviously of a character that it is injurious in its nature, and such a flagrant disregard of the rights of the defendant that it will be assumed a written charge requested and granted will not cure the error. However, in this case, the crucial test is not the impropriety of the district attorney in his argument, but rather the injury inflicted on appellant by the conduct of the learned judge. To better understand this, it will be necessary to state the history of this case. This was its second trial, the former trial being reversed by this court upon the sole ground that the trial court had failed to give a charge upon circumstantial evidence. The facts on this appeal and upon the former appeal are identical. If it was a case of circumstantial evidence on the first trial, it was likewise a case of circumstantial evidence on the second trial. The reluctance of the trial judge on the second trial to treat it as a case of circumstantial evidence justifies this court in making a critical review of that proposition, because, if this court was in error in holding in the first instance that it was a case of circumstantial evidence, the remarks made by the trial judge on this trial might be rendered harmless. The court will assume, in approaching the discussion of this proposition, that the learned trial judge understood that, if the case was one of circumstantial evidence, it was his duty to give the jury in charge the law upon the same. This rule is so universal in its acceptation, and has been so repeatedly announced by not only this court but the courts of other jurisdictions, that it would be a useless consumption of time and space to enter into its discussion. It is equally as well settled that a case is not to be treated as a case of circumstantial evidence requiring a charge upon the same where some of the material issues incriminating and inculpatory rest solely upon that kind of evidence. The distinction between circumstantial evidence and direct evidence is that in the first instance the facts apply directly to the factum probandum, while circumstantial evidence is proof of a minor fact, which, by indirection, logically and rationally demonstrates the factum probandum. This is illustrated by proof of recent possession of stolen property. In such a case, resting alone upon such inculpatory evidence, the eye of no witness saw the thief in the act of taking the property stolen. But the witness may testify directly to the fact of seeing the thief, recently after the crime, in possession of the stolen property, and, when his possession was challenged, either declined to explain or gave an explanation which was false, from which circumstances of the possession, directly sworn to, and circumstances of a failure to explain or a false explanation, the factum of the taking is inferred or deduced by the process of reasoning. But what constitutes circumstantial evidence and what constitutes a case depend-

ing solely upon circumstantial evidence are two different questions. It has been held that a charge on circumstantial evidence is necessary only when the case rests "solely" and "alone" upon circumstantial evidence. The construction of the word "solely" or "alone" has been repeatedly construed in this State by every court of last resort, and the decisions of this State have been followed with approval by the courts of other jurisdictions. The rule is this: That it is only necessary where the main fact, or, as one case puts it, "where the gravamen of the offense," or, as another case has it, "where the act of the crime," rests solely upon circumstantial evidence, that then it becomes a case known as a case of circumstantial evidence requiring a charge upon that. In the Buntain case, 15 Texas Criminal Appeals, 515, Judge White used the following language: "If a court were required to charge the law of circumstantial evidence in all cases where reliance was had upon circumstances to establish any particular fact, then, indeed, there would be but few, if any, cases in which such a charge would not be required; but such is not the rule. A charge upon circumstantial evidence is only required when the evidence of the main facts essential to guilt is purely and entirely circumstantial." In the Hanks case, 56 Southwestern Reporter, 922 (opinion rendered by this court), in reference to whether or not positive evidence of uttering a forged instrument, where the indictment was for the forgery, was sufficiently direct to lift the case out of the realm of circumstantial evidence, the following language was used: "We are aware of the rule, and we adhere to the same, that, when the main fact constituting the gravamen of the offense is proved by direct testimony, and the intent merely with which the act was done is proven by circumstantial evidence, a charge on circumstantial evidence will not be absolutely necessary." But perhaps the best case in point is Jones v. State, 34 Texas Criminal Reports, 492. In this case the discussion of the principles applied to burglary is involved. At the risk of being prolix, but in order that the same may be made clear, we quote copiously from that case:

"Mr. Starkie, in his work on Evidence (section 862), says: 'The force of circumstantial evidence being exclusive in its nature, and the mere coincidence of the hypothesis with the circumstances being, in the abstract, insufficient, unless they exclude every other supposition, it is essential to inquire with the most scrupulous attention what other hypotheses there may be which may agree wholly or partially with the facts in evidence.' The court in Beavers' case, said: 'We can conceive of no hypothesis by which, in the order of natural causes and effects, the facts proved can be explained consistently with the innocence of the prisoner; and this is the true test of circumstantial evidence. It excludes all reasonable doubt of the prisoner's guilt.' 58 Ind., 531, 537. 'But this principle applies only to proof of the act, and not to proof of the intent. Accordingly, in a case of burglary, an instruction which contained the following sentence was properly refused: 'Where a criminal intent is to be established by circumstantial evidence, the proof ought to be not

only consistent with the defendant's guilt, but it must be wholly inconsistent with any other rational conclusion than that of the defendant's, guilt.' The court said: 'This rule is proper when the act which is claimed to be criminal is sought to be established by circumstantial testimony. But when the act is proved by direct testimony, and all that remains to be found is the intent which accompanied the act, and which may be inferred from the circumstances accompanying the act, then this principle does not apply.' " In the reversal of this case upon its former appeal this court said: "Now, while it is true a confession to the burglary would take the case out of the rule, yet a confession to theft alone, under the circumstances of this case, would not make the charge of burglary a case of positive evidence. The possession of the corn recently after it is stolen would only be a circumstance pointing to the burglary, for the corn may have been stolen, and yet no burglary have been committed." See Wooldridge v. State, 13 Texas Crim. App., 443; State v. Calder (Mont.), 59 Pac. Rep., 909; Leeper v. State, 29 Texas Crim. App., 154. Therefore it is clear that, where the act constituting the main essential fact of a crime is testified to by direct evidence, it is not a case of circumstantial evidence. But where the main fact or the act constituting the crime is shown by indirection, it is a case of circumstantial evidence, although the intent may rest upon positive proof. What is the main fact or the act of a crime in a case of burglary? In murder it is the fact of the homicide; in theft it is the act of the taking; in burglary it is not the intent with which it is committed,—it may be with the intent to commit the crime of theft, robbery, rape, murder, or any other felony. The main essential fact of burglary is the breaking and entering of the house. The commission of the crime intended when the house was entered need not be executed, and yet the crime is complete. Martin v. State, 1 Texas Crim. App., 525. In this case, both upon this trial and upon the former appeal, no human eye saw, nor did a human lip testify to, the actual breaking of the house alleged to have been burglarized. That it was broken and entered depends solely upon inferences and deductions. It was arrived at by the method of exclusion. True, appellant pleaded guilty to the theft of the corn; but what was the effect of his plea? It was merely an admission of all the facts alleged in the complaint and information charging theft. "A plea of guilty," says Mr. Bishop, "is a recognition of whatever is well alleged in the indictment." Crow v. State, 6 Texas, 334; Doans v. State, 36 Texas Crim. Rep., 468. There was no allegation in the complaint and information charging theft alleging the breaking of the house; and, if it were there, it would not be well alleged, and a confession by way of a plea of guilty to the theft would not evidence the fact of the breaking of the house alleged to have been burglarized. This court has never held that a confession of one crime was direct proof and positive evidence of the commission of another. Such a contention is so illogical that the statement carries with it its own refutation. A judicial confession admitting only the necessary allegations of the charge, while it becomes a confession

that is conclusive against appellant in the case in which the confession is judicially made, could only become an admission of those facts when they become a material inquiry in another case based upon another charge, tried in another forum.  It is thus seen that the principle laid down in the former opinion in this case is not only well settled, not only in accordance with uniform precedent, but responds to the dictates of reason. In this case the only question that needs to be considered is whether the remarks of the learned trial judge operate to appellant's injury to that extent that it will be necessary to reverse this case.  We have the right to assume that the trial judge thoroughly understands his judicial province, as distinguished from that of the jury, which, in a felony case, is not only a component, but a necessary, part of the court over which he presides.  We assume that he knew he was forbidden by law to express any opinion as to the weight of any evidence admitted by him.  We assume that he knew the law requires in case of circumstantial evidence that the jury be cautioned by a charge explaining to them the rules that govern a case where such evidence is solely relied upon to demonstrate the main fact of the crime charged.  Undoubtedly, he knew that any remark made by him in the presence of the jury which had a tendency to prejudice their minds against the unsuccessful party will afford grounds for the reversal of the judgment.  In this case the learned trial judge stated to the district attorney, in the presence and hearing of the jury, that he did not consider this a case of circumstantial evidence.  Bill number 7 shows that the district attorney was asserting that, if appellant had confessed his guilt on the charge of theft, the charge on circumstantial evidence in this trial for burglary should not be given, and that the rules of circumstantial evidence should not be given to the jury; and the court thereupon remarked, in the presence and hearing of the jury, "I agree with you in your contention; but you know the court has ruled different in this case and I can not say whether I will charge on circumstantial evidence."  This remark of the judge, in connection with the above quoted excerpts of the speech, made by the district attorney, presents this proposition: "Can a court charge a necessary phase of the law, and then by an indorsement verbally, in the presence and hearing of the jury, of a contention by the district attorney that such is not the law, indicate to the jury how he, as an individual, deems the evidence should be weighed and tested?  We think not.  We are forced to assume that the judge knew that the effect of his utterance was to indicate to the jury that he gave this charge reluctantly; that he did it in deference to the opinion of this court; that he was driven to it unwillingly; and that his idea of the case, which caused its reversal in the former trial, was still correct, regardless of the opinion of this court and the precedents cited. Of course, no such presumption of the knowledge of the law applies to this district attorney.

The other remarks of the district attorney were made in the presence and hearing of the trial court.  His conduct in permitting them to be

made in the presence and hearing of the jury, without reprimand, indicates that he acquiesced and indorsed the same. This court is forced to assume that the trial judge recognized their impropriety.

The only question, so far as appellant is concerned, for us to pass upon is whether or not the same injured his rights. We deem a mere statement of them is sufficient. We can not conscientiously permit a verdict to stand under the circumstances disclosed by this record. In concluding a disagreeable subject, we can not refrain from quoting an admirable homily, which was uttered by a great judge. He says: "Government consists of fallible men who do not always know their duty; and parties may lose some of their rights if they do not aid public officers by notifying them of their views, and urging them; and questions of jurisdiction are very often as difficult to decide as any other. It is an essential element of judicial authority that it must be the judge of its own jurisdiction, and I do not know that this rule is peculiarly applicable to the higher courts. The lowest must act upon it, subject to the higher social law that is involved in official subordination. Often the question may be erroneously decided. Often such decisions may result in great injury to the citizen; and a man of well trained mind will think it no great hardship to submit to authority even in error." And again, in referring to the respect that should be given to those in authority, he says: "He that rejects this principle from his moral code, or gives it a low place there, can hardly be an orderly citizen; but he must be dangerous to the public peace and progress, in proportion as he is otherwise intelligent, influential and active."

We think that the above properly disposes of this case. However, before concluding, it is perhaps our duty to dispose of a question presented in the motion for new trial. In his motion for new trial, appellant attaches a report made by the grand jury of Clay County, in reference to the enforcement of criminal law in that county and in the State; he contending that the report being read before the trial of this case, and being received by the trial judge, was such as necessarily prejudiced the jury that tried this appellant, and that they, therefore, for that reason, were not fair and impartial. The fact that a single juror was influenced by this report is not shown. In any event, this comes too late in motion for new trial. It is properly a plea that should be made in limine, as has been specifically held by this court. It can not, therefore, be considered. Furlow v. State, 41 Texas Crim. Rep., 12; Hannaman v. State, 33 S. W. Rep., 548; Caldwell v. State, 12 Texas Crim. App., 302; Perry v. State, 45 S. W. Rep., 567. The judgment is reversed and the cause remanded.

*Reversed and remanded.*