RAMON RAMIREZ v. THE STATE.

No. 19899.   Delivered November 9, 1938.

. The opinion states the case.

*R. Tuck Chapin,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for unlawful possession of marihuana. The punishment is confinement in the State Penitentiary for a term of three years.

Appellant's first and main contention is that the court erred in declining to sustain his motion to quash the indictment and to peremptorily instruct the jury to acquit him on the ground that there was no law in effect at the time of the commission of the offense prohibiting the possession of marihuana. That Article 725a, P. C., as amended by the 42nd and 43rd Legislatures was expressly repealed and Article 725b, P. C., enacted by the 45th Legislature (which adjourned on May 22, 1937) did not go into effect until 90 days after adjournment, which would be August 20th. This identical question was before this Court in the case of Spangler v. State, 117 S. W. (2d) 63 [page 36

of this volume], and decided adversely to his contention. We see no good reason for again discussing the question.

By bill of exception number one, appellant complains of the testimony given by the sheriff of Karnes County to the effect that he saw marihuana growing in the garden which belonged to appellant. That he first arrested appellant's brother and then went to appellant's place of business and arrested him. That he started toward appellant's home and on the way, appellant told him he had planted marihuana seed and had some of it growing on his place; that after he had arrived at appellant's home, he had two men pull up over three hundred of the plants. This testimony was objected to on the grounds that he was under arrest at the time. The objection was overruled and the testimony admitted on the theory that appellant told the officer that he had marihuana growing on his place and by reason of said statement the officers found it.

If the officer found the marihuana as a result of the information he received from appellant, the testimony objected to would be admissible. It is a well settled rule in this State that where an offense has been committed and the accused, although under arrest, makes a statement which leads to the discovery of the fruits of the crime or the instrument with which it was committed, such statement is admissible against him. See Sweat v. State, 115 Texas Crim. Rep. 130; Newman v. State, 45 S. W. (2d) 602; Davis v. State, 93 S. W. (2d) 154; Walker v. State, 67 S. W. (2d) 867.

If the officer had theretofore discovered the marihuana growing on appellant's premises, then the statement he made to the officer while under arrest might not have been admissible. In this instance the sheriff had already discovered it and was legally authorized to state what he had seen. Therefore the testimony objected to, even if inadmissible, became harmless in view of the officer's testimony concerning what he had observed growing on appellant's premises. See St. Clair v. State, 104 Texas Crim. Rep. 423.

Moreover, appellant made a written confession to the county attorney which was in conformity to the law, and in which he admitted that he was growing marihuana on his premises. Consequently the admission of the statement he made to the sheriff while under arrest, being in effect similar to the written confession, was harmless error.

Bill of exception number two is similar to bill number one and for the reasons there assigned, it is overruled.

We think that appellant's written confession, together with the testimony of the officers concerning what they found on his premises, is sufficient to sustain his conviction. See Odell v. State, 290 S. W. 164. All other matters complained of have been considered by us and deemed to be without merit.

No reversible error appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.