### WILLIE CHAPPELL v. THE STATE.

No. 19941.   Delivered November 16, 1938.

Rehearing Denied January 11, 1939.

The opinion states the case.

*L. D. Johnston,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of whisky in a dry area; penalty assessed at a fine of $200.00.

The State's witness, W. Y. Mills, an inspector for the Liquor Control Board, testified that about 3:25 o'clock in the afternoon of November 23, 1937, he purchased from the appellant at his house two half pints of "Old Quaker" whisky for the price of $1.25; that after receiving the whisky from the appellant the witness turned it over to the sheriff who produced and identified it upon the trial.

The sheriff of Ellis County testified that he understood that the appellant had been "bootlegging" for quite a while and that he sent the inspector to the appellant for the purpose of buying whisky from him.

Appellant testified as a witness upon the trial and denied that he had sold any whisky to the state's witness Mills, thus presented a controverted issue for the solution of the jury.

Two bills of exception appear in the record which complain of certain matters occurring during the trial. However, these bills were not approved by the trial court for the reason (as stated by him) that they did not state the correct facts. As a general rule, bills of exception which have been refused by the trial judge have no place in the record and will not be considered on appeal. When a bill has been rejected for reasons stated by the court, the appellant must prove it up by bystanders as provided by statute in order that the matter complained of may be reviewed by the appellate court. In the present instance this was not done. Therefore, the bills in question cannot be considered by this court.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After carefully re-examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.