BURNS FAWCETT V. THE STATE.

No. 20411. Delivered May 3, 1939.

The opinion states the case.

*John A. Veillon* and *D. F. Sanders,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Conviction is for possession of marihuana; the punishment assessed is confinement in the state penitentiary for a term of two years.

The testimony adduced by the State shows that on the 11th day of September, 1938, a city detective of the City of Beaumont was informed that the appellant was in possession of Marihuana, a narcotic. The officer arrested appellant searched him, and found on his person a sack which contained three marihuana cigarettes and some loose marihuana.

Appellant took the witness stand and testified that while he was sitting on a bench in the park, some person handed him a package (the sack) containing the cigarettes. That he took one cigarette out, lit it and started to smoke it; that it tasted rather strange and he threw it away. About that time the officer appeared and arrested him. He stated that he did not know that the cigarette and the package contained marihuana; that he did not know what marihuana was and would not recognize it when he saw it.

Appellant urged a number of objections to the court's charge. Among them was one complaining of the court's failure to affirmatively instruct the jury that if some person gave him a package and he did not know that it contained marihuana, to acquit him. The court declined to respond to appellant's objection. We think this was error. If the marihuana was handed to him by another person and he did not know what it was, it would be apparent that there was an entire absence of an intent on his part to violate the law. He would, in such a case, be an innocent victim of circumstances. Whether this affirmative defense was true or not was a question of fact to

be solved by the jury under an appropriate instruction from the court. It is the settled rule in this State that a defendant has the legal right to have his defensive theory submitted in an affirmative manner to the jury. See Moore v. State, 59 Tex. Crim. Rep., 361, 128 S. W., 1115; Kibbe v. State, 133 Tex. Crim. Rep., 494; 112 S. W. (2d), 733.

Appellant also complains of the court's action in overruling his motion to quash the indictment. It was charged in the indictment that on or about the 11th day of September, 1938, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, Burns Fawcett did then and there unlawfully possess a narcotic, to-wit: Marihuana.

The term "cannabis" is denominated as a narcotic drug under Art. 725b, and the term "cannabis" under said statute includes those varieties of cannabis known as marihuana. Consequently, marihuana is classed as a narcotic drug. See Valdez v. State, 117 S. W. (2d), 459; Ramirez v. State, 125 S. W. (2d), 597 and authorities there cited.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.