## ANGEL SOSA V. STATE

No. 27,362. January 26, 1955

Howze & Howze, by Murray J. Howze, Monahans, for appellant.

Wesley Dice, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marihuana; the punishment, 2 years.

Sheriff McNerlin and Deputy Sheriff Ragsdale testified that on the night in question they proceeded to a "shack" located in the back yard of the appellant's father's home; that they made their presence known, were invited in, and told the appellant and the other Latin-American young men there assembled that they wished to search for marihuana; and that appellant consented to the search. They testified they found two cigarettes wrapped in a candy wrapper in appellant's pocket, eleven cigarettes on the person of one Roy Elizondo and a tobacco can containing some substance in a flour can on the table, all of which they sent to the Department of Public Safety for analysis.

It was stipulated that the contents of the tobacco can and each of the cigarettes contained marihuana.

Appellant, testifying in his own behalf, stated that Roy Elizondo was a regular visitor at his shack, that shortly before the arrival of the officers on the night in question Roy had arrived at the shack and handed him something in a candy wrapper, that Roy did not tell him what the wrapper contained,

and that he did not inquire but put it in his pocket. Appellant testified that when the officers arrived he gave them his consent to search for marihuana, that he did not know of the presence of any of the contraband in his abode, that they found the two cigarettes on his person and a number of such cigarettes on Roy's person but that he had not been present when the officers had found the tobacco can.

The only question raised by appellant's able attorney in his brief is the sufficiency of the evidence to support the conviction. He says that the state's evidence does not establish beyond a reasonable doubt that the appellant knew that the candy wrapper contained marihuana and cites several cases. We shall discuss two of them which are comparable to the fact situation before us.

In Fawcett v. State, 137, Texas Cr. Rep. 14, 127 S.W. 2d 905, an officer searched the accused and found on his person three marihuana cigarettes. Appellant, testifying in his own behalf, stated that someone had handed him a package containing the cigarettes and that he did not know that they contained marihuana. There, we held that the appellant's testimony as to lack of knowledge raised an affirmative defense that should have been submitted to the jury in the court's charge. We did not hold that the facts were insufficient to support the conviction. In the case at bar the court charged the jury, in part, as follows:

"You are further instructed that even though you may find and believe beyond a reasonable doubt that the defendant had in his possession the substance introduced in evidence by the State and alleged to be marihuana and you further find that the defendant did not know that such substance was marihuana or you have a reasonable doubt that the defendant knew such substance to be marihuana, then you must acquit the defendant and find him not guilty of the offense charged in the indictment."

In Hernandez v. State, 137 Texas Cr. Rep. 343, 129 S.W. 2d 301, the officers found the marihuana cigarettes in an envelope in the appellant's home. Appellant's wife testified that when she left the house that morning the envelope which the officers found was lying empty on the dresser and that she had never seen any marihuana around the house. The court charged the jury, in part, as follows:

" . . . to acquit appellant if they believed from the evidence,

or had a reasonable doubt thereof, that some person other than appellant placed the marihuana in the envelope found by the officers on the premises of appellant and that appellant had no knowledge thereof and did not exercise possession of the alleged marihuana, knowing the same to be marihuana."

The conviction was affirmed.

Finding the evidence sufficient to support the conviction, the judgment is affirmed.