Mildred Hall MORRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 36027.

Court of Criminal Appeals of Texas.

Oct. 23, 1963.

Rehearing Denied Nov. 27, 1963.

Bernard A. Golding, Houston (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The appeal is from a conviction for the felony offense of driving while intoxicated,

the jury having assessed the punishment at 20 days in jail and a fine of $500.

The sole ground upon which reversal is sought is the contention that the evidence is insufficient to sustain the jury's verdict.

We overrule the contention.

The previous conviction for the misdemeanor offense of drunk driving alleged in the indictment was shown by the evidence and admitted in the testimony of the appellant.

The evidence shows that the appellant was driving an automobile upon a public highway in Colorado County on the day alleged in the indictment.

State's witness John W. Matthews testified that he saw the appellant in John's Cafe some 2 or 3 miles east of Columbus. He testified that when she went to her car he noticed that she had trouble getting it unlocked, and that as he followed her toward Columbus "she was weaving on one side of the road, she would drift over onto the left hand side of the road, it wasn't a drift, it was just more of a kind of cut, I would call it, and we met three or four cars and one car had to put its right side of its— the right wheels off of the highway onto the shoulder to keep from being sideswiped."

The appellant, followed by the witness, proceeded through Columbus toward Austin. The witness Matthews, who described the manner of her driving as dangerous, stopped at a service station and suggested that the attendant get in touch with the sheriff or the highway patrol, stating: "A lady is driving a light Mercury automobile and drives as if she's drunk. Something's wrong and she should be stopped."

J. W. Coate, a deputy sheriff of Harris County, testified that after leaving a service station in Columbus on a trip to Bastrop he stopped the appellant because the car she was driving was not on its own side of the road and was weaving, going from side to side of the highway.

He asked the appellant, who was alone in the car, for the key and called Columbus by radio. He testified that the appellant asked, "Sir, why did you stop me, what are you stopping me for?" to which he replied "Because you are not in condition to drive the car." The witness further testified that the appellant's speech was "a little shaky" and on cross-examination he testified that he smelled alcohol on her breath or in the car. He expressed the opinion that "she was either intoxicated or some such other method of becoming intoxicated."

Patrolman Brock arrived at the scene some ten minutes after Mr. Coate stopped the appellant's car, talked to the appellant and took her in the patrol car to the sheriff's office in Columbus. He testified that from her conduct and behavior he formed the opinion that she was intoxicated.

Leo Kohleffel, a game warden, testified that he was at the County Jail when Patrolman Brock brought the appellant in and from her demeanor, actions and speech he formed the opinion that she was drunk. On cross-examination he testified that the patrolman "had to help her into the jail" and "she couldn't walk under her own power."

Deputy Sheriff Schlichting testified that he booked the appellant at the jail when she was brought in and listened and watched when Patrolman Brock was talking to her. From his observation of her demeanor, conduct and behavior this witness formed the opinion that the appellant "was very much so intoxicated."

The appellant testified that she had drunk no intoxicating liquor or beverage on the day in question. She called as witnesses Mrs. Henneke, waitress in John's Cafe, who testified that she noticed nothing unusual about her speech or manner when she ordered and· was served coffee, and that she appeared to be normal at that time.

Mary Mieth, waitress at Riverside Cafe, which is some 28 miles from John's Cafe, testified that she served the appellant two cups of coffee there on the day in question

and that she was not drunk and had not been drinking.

L. G. Simpson, who came to the jail and became a bondsman for the appellant, testified that at the time he talked to her and took her with him from the jail the appellant was not intoxicated, but was "very mad and humiliated."

M. H. Buller, Chief Deputy Sheriff of Colorado County, called by the state in rebuttal, expressed the opinion that the appellant was intoxicated, based upon his observation of her conduct, demeanor and behavior when she was brought to the jail.

It would serve no useful purpose to set out various conflicts between the testimony of the appellant and the witnesses for the state, or to discuss other testimony such as that of the witnesses who attested the good reputation of the appellant for sobriety, and as law abiding.

Suffice it to say that the jury resolved the issues against the appellant and the evidence, viewed in the light most favorable to the state, is sufficient to sustain their verdict.

The judgment is affirmed.