**Bruce GOLDMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43968.**

Court of Criminal Appeals of Texas.

June 23, 1971.

Harris & Holbrook, Prescott, Metcalf & Greenfield, Killeen, for appellant.

Stanley Kacir, Dist. Atty., John C. West, Jr. and R. C. Miskeska, Jr., Asst. Dist. Attys., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for possession of marihuana where after a verdict of guilty a punishment of two years was assessed by the court who suspended the imposition of the sentence and placed the appellant on probation.

Although the appellant challenges the sufficiency of the evidence, he initially contends the court erred in failing to submit to the jury defensive issues raised by the evidence.

The State's evidence reflects that at approximately 11:45 p. m. on April 26, 1970, Officer John McAlister of the Harker Heights Police Department, while in company with a military policeman, observed a Chevrolet automobile containing three individuals "rack off" out of a Shamrock Service Station making excessive noise and failing to stop before entering the highway.

As Officer McAlister followed trying to stop the vehicle, he observed the appellant Goldman who was seated in the passenger side of the front seat open the glove compartment, saw the light come on, and saw him bend forward and "placed something

under the seat" as though he was "attempting to hide something."

After the Chevrolet stopped the driver Andrew Giancana got out of the car and came back to talk to the officer at which time the officer detected an odor of marihuana about his person. McAlister then approached the vehicle where he also detected the odor of marihuana and asked the appellant to step out. As he did McAlister noticed a wooden pipe on the floor under the right front seat[1] where the appellant had been seated. As he picked it up he felt a matchbox right next to it which contained a substance wrapped in tinfoil which appeared to be marihuana. In the same area on the floor he saw a metal pipe and took possession of the same. In the glove compartment he found a tobacco pouch with what appeared to be a marihuana seed on top of the tobacco. He also related that by shining his flashlight in the appellant's face he noticed that the pupils of appellant's eyes would not retract or dilate, indicating to him that the appellant was under the influence of something. A search of the persons of Giancana and the appellant failed to reveal any narcotic, but the search of Bowse, the passenger in the rear seat, revealed a cigarette butt in his key pouch.

Stanley S. Wolendzuk, a military policeman, was "pulling patrol" with Officer McAlister at the time of the alleged offense. He described the traffic violations and stated that while they were trying to stop the Chevrolet that the individual in the back seat (Bowse) was "making erratic movements like he was trying to conceal something"; that his attention was focused on this individual and he did not observe the passenger in the front seat do anything except turn "around to notice that there was a police vehicle"; that "we had our bright lights on" and could see inside the car ahead.

A chain of custody was established and a chemical analysis showed that the substance in the matchbox was cakelike cannabis usually smoked in a pipe; that the cigarette butt or roach and the seed found in the pouch were marihuana.

The appellant testified in his own behalf that he was a wounded Vietnam war veteran stationed at Ft. Hood and had only met Giancana the day before their arrest; that on the date in question they had gone to Austin in Giancana's car to attend a musical concert and encountered one Bowse whom he did not know; that Bowse requested a ride to Ft. Hood and rode in the front seat until they stopped to eat at which time he got into the back seat; that during their trip there was no discussion or mention of marihuana; that he was unaware there was marihuana or pipes in the car; that he did not even know what offense they were charged with until Bowse told him at the police station that the police had found a marihuana cigarette butt in his (Bowse's) key pouch.

As earlier noted, appellant contends the trial court erred in failing to charge the jury on "evidence supported defensive theories" and compounded the error by also refusing to charge the jury on the converse of the State's theory of the case.

Appellant timely objected to the court's charge because the court did not instruct the jury to acquit if they believed or had a reasonable doubt that the substance alleged to be marihuana belonged to someone else and he had no knowledge of its presence in the automobile and to acquit if they believed or had a reasonable doubt that the alleged marihuana was in the exclusive possession and custody and control of one of the other two passengers in the car.

In 31 Tex.Jur.2d, Instructions, Sec. 110, p. 660, it is written:

"A defensive theory when raised by the evidence should always be submitted

---

1. The officer referred to the pipe as "a hash pipe" and noted that it had been recently used because of the burned edges and residue in the pipe.

to the jury. The defendant has a right to an affirmative instruction on every defensive issue raised by the evidence whether the evidence is produced by the state or by the defense, whether it is strong or feeble, whether it is unimpeached or contradicted, or whether it is conflicting. Where the truth of the testimony is for the jury to determine, a charge on a defensive issue raised by the testimony should be given, even if the trial court is of the opinion that the testimony is not entitled to credence."

In Barton v. State, 172 Tex.Cr.R. 600, 361 S.W.2d 716, this Court said:

"It is well settled that an accused is entitled to an affirmative instruction on the law as to every defensive issue raised by the evidence, even though such issue be raised by his testimony alone. Patterson v. State, 164 Tex.Cr.R. 121, 297 S.W.2d 183, and the cases there cited. See also 31 Tex.Juris.2d, Sec. 108, p. 656." See also Jones v. State, Tex.Cr.App., 387 S.W.2d 408.

And it is well established that in a prosecution for possession of marihuana the defendant is entitled to a charge instructing the jury to acquit him where the evidence raises an issue as to the want of knowledge on his part, and in the event the jury so believes. Sosa v. State, 161 Tex.Cr.R. 193, 275 S.W.2d 655; Rodriguez v. State, 162 Tex.Cr.R. 332, 285 S.W.2d 757. 3 Branch's Ann.P.C., 2d ed., Sec. 1423.5, p. 359.

Failure to give the defensive instruction in Rodriguez v. State, Tex.Cr.App., 372 S.W.2d 542, caused reversal. There Rodriguez testified he had taken the pills or capsules away from his nieces who were playing with them; that he carried them away from the house to keep them from the children; that he did not know what was in the capsules and that he had never taken a barbiturate.

There this Court said:

"Whether the defense was true or not was a question of fact to be decided by the jury. Appellant had the legal right to have his defensive theory submitted in an affirmative manner to the jury. Fawcett v. State, Tex.Cr.App., 137 Tex. Cr.R. 14, 127 S.W.2d 905." See also Smith v. State, Tex.Cr.App., 396 S.W.2d 876.

The appellant's testimony clearly raised the issue as to a want of knowledge on his part, and the court fell into error in failing to respond to the timely presented objections.

For the reasons stated, the judgment is reversed and cause remanded.