Domingo RAMOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44303.

Court of Criminal Appeals of Texas.

March 29, 1972.

information from a confidential informant that the informant had smoked marihuana with appellant at appellant's home. On the basis of this information, a search warrant was obtained and executed at the appellant's house at approximately 6:43 A.M. the following morning. Upon being shown the warrant and informed of the purpose of the officer's visit, appellant stated that if the officers "did find anything there, somebody else had planted it there." A search of the residence revealed no contraband. Marihuana was found, however, in a utility room which was located behind the house.

Appellant complains that the trial court erred by refusing to submit his requested charge to the effect that they should acquit appellant if they found that someone other than appellant had placed narcotics on the property without his knowledge or consent. A timely objection was made to the charge.

Abel Toscano, Jr., Harlingen, for appellant.

F. T. Graham, Dist. Atty., Brownsville, Joel William Ellis, Asst. Dist. Atty., Harlingen, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

Our opinion on original submission is withdrawn and the following substituted in lieu thereof.

This appeal is from a conviction for the unlawful possession of a narcotic drug, to-wit: marihuana. Punishment was assessed by a jury at five years.

The record reflects that on the evening of March 22, 1970, Officer Omar Lucio of the Harlingen Police Department received

■ Where an accused is charged with the unlawful possession of a narcotic drug, two elements must be proven: (1) that he exercised care, control, and management over the contraband; and (2) that he knew that the object he possessed was contraband. This court stated in Fawcett v. State, 137 Tex.Cr.R. 14, 127 S.W.2d 905, that the state must prove the accused knew what he possessed because if—

" . . . he did not know what it was, it would be apparent that there was an entire absence of an intent on his part to violate the law. He would, in such a case, be an innocent victim of circumstances. Whether this affirmative defense was true or not was a question of fact to be solved by the jury under an appropriate instruction from the court."

The state does not question the above cited rule but contends that the court's charge correctly submitted the law with regard to this element of the case [1] and

---

1. The court's charge is as follows:
"1. Our law provides that it shall be unlawful for any person to possess or have under his control any narcotic drug.

Our law further provides that marijuana is a narcotic drug.
"2. By the term 'possession,' as used herein, is meant the care, custody, or con-

**104**

that the affirmative defense was not properly raised.

■ The court charged the jury only as to the possession element of the offense. Nothing in the charge mentions lack of knowledge. Where this issue is properly raised, failure to give an affirmative charge on the knowledge issue is reversible error. e. g. Goldman v. State, Tex.Cr.App., 468 S.W.2d 381; Rodriguez v. State, Tex.Cr. App., 372 S.W.2d 541; Fawcett v. State, supra.

The rule for determining when an affirmative charge on a defense theory should be submitted is stated in 31 Tex.Jur.2d, Instructions, Sec. 110, p. 660:

"A defensive theory when raised by the evidence should always be submitted to the jury. The defendant has a right to an affirmative instruction on every defensive issue raised by the evidence whether the evidence is produced by the state or by the defense, whether it is strong or feeble, whether it is unimpeached or contradicted, or whether it is conflicting. Where the truth of the testimony is for the jury to determine, a charge on a defensive issue raised by the testimony should be given, even if the trial court is of the opinion that the testimony is not entitled to credence."

In the instant case, the contraband was found in a utility room behind the appellant's residence. The door to the room was always open and had no lock. Neighbors and friends had access to and used the room. One officer testified that he had conducted several investigations in answer to calls from residents of the neighborhood who had found marihuana hidden on their property.

While appellant did not take the stand, his wife testified that appellant could not have possessed marihuana on the day and at the place stated by the informant, since during that time the entire family had been out of town. She testified that several of appellant's friends had been in the room recently. Upon being shown the marihuana by the officers at the time of the search she stated: *"Which of your friends did this to you?"*[2]

Through the cross-examination of the officers and through the testimony of appellant's wife, the theory was raised that the informant had planted the marihuana in the utility room.

The question before this court is not whether we believe appellant's defensive theory or whether the jury would have found for him under a proper charge. The question, instead, is whether the jury reached its decision after having properly been charged as to the law. Under the charge given by the court, the jury could have convicted even if they believed that appellant was unaware that narcotics were hidden on his property.

The charge requested by appellant was substantially the same charge that was approved by this court in Hernandez v. State,

trol or management of the item in question.

"Now if you find from the evidence beyond a reasonable doubt that the defendant, Domingo Ramos, did in Cameron County, Texas, on or about the 23rd day of March, 1970, unlawfully possess or have under his control a narcotic drug, to-wit, marijuana, as alleged in the indictment, then you will find the defendant guilty as charged.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

"4. You are instructed that you cannot convict the defendant unless you find from the evidence beyond a reasonable doubt that the exhibit introduced in evidence by the State is marijuana and unless you further find from the evidence beyond a reasonable doubt that defendant had the same in his possession; and if you have a reasonable doubt as to either of such matters, you will resolve that doubt in defendant's favor and acquit him."

2. Two of the officers testified that she had said: "Now let's see your friends get you out of this."

137 Tex.Cr.R. 343, 129 S.W.2d 301, 305, a case in which the only testimony raising the issue was that of accused's wife. The trial court's failure to charge on the defensive theory in the instant case constitutes reversible error. e. g. Goldman v. State, Tex. Cr.App., 468 S.W.2d 381; Harris v. State, Tex.Cr.App., 465 S.W.2d 175; Rodriguez v. State, supra; Barton v. State, 172 Tex. Cr.R. 600, 361 S.W.2d 716; Fawcett v. State, supra.

This error was compounded when the trial court also refused appellant's requested charge on circumstantial evidence.[3]

■ The distinction between circumstantial evidence and direct evidence is that the latter applies directly to the ultimate fact to be proven, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proven. Brown v. State, 126 Tex.Cr.R. 449, 72 S.W.2d 269; Beason v. State, 43 Tex.Cr. 442, 67 S.W. 96.

■ In the case at bar, no witness saw appellant exercise any control over the contraband. Nor was the contraband found within appellant's residence, where he would have had sole access to it. Instead, the marihuana was found at a place on appellant's property which was accessible to anyone.

There is direct evidence that marihuana was present on appellant's property.[4] However, there is no direct evidence that appellant possessed such contraband. This, the ultimate fact which the state had to prove, could only be inferred from the proof of the minor fact that the contraband was present on the property. Possession was thus proven by circumstantial evidence, and the trial court committed reversible error

by failing to give appellant's requested charge thereon. See Denny v. State, Tex. Cr.App., 473 S.W.2d 503; Arsiaga v. State, 372 S.W.2d 538; Scelles v. State, 172 Tex. Cr.R. 474, 358 S.W.2d 623.

The state's motion for rehearing is overruled.

For the reasons herein stated, the judgment is reversed and the cause is remanded.

DOUGLAS, Judge (dissenting).

The officers found two "cartuchos", substantially a pound, of marihuana in a wall in a utility room which was some three feet from appellant's home in a brown paper sack between "two by fours" or studs that held the sheetrock in place. A handsaw was hanging over and completely covering the hole where the marihuana was found. The appellant told the officers that he had been making some repairs to the building by himself.

When the marihuana was found, the appellant's wife was allowed at look at it. She then stated to the appellant, "Now, let's see your friends get you out of this."

On original submission this Court reversed because the court refused the following requested charge:

"Testimony has been entered here that someone other than the defendant without defendant's consent or knowledge committed the offense in question and that the defendant was not and could not have been the person who committed the same. Now if you find that the marihuana was found in the premises which were under the care, custody or control or management of said house but you further find that the defendant was not

---

3. Appellant objected to the charge on this ground and raised the failure to submit a charge on circumstantial evidence as a ground of error on this appeal.

4. The cases of Wilson v. State, 154 Tex. Cr.R. 59, 225 S.W.2d 173, and Spencer

v. State, 154 Tex.Cr.R. 427, 227 S.W.2d 552, which are relied upon by the state, were decided under Article 667–25, V.A. P.C. which contains a "prima facie evidence" section. These cases have no relevance to prosecutions under Article 725b, V.A.P.C.

the person who placed the marihuana in defendant's house and further find that if it was found in defendant's house that he did not have knowledge thereof, and did not consent the marihuana to be placed in his house, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

The testimony shows that the officers explained to the appellant that they were there to search for marihuana and that the appellant appeared to be nervous and the following transpired:

"Q. What, if anything, did Defendant say at that time?

"A. Well, when Detective Trevino explained to him the purpose of the Search Warrant, Defendant stated that if we did find anything there, somebody else had put it in there."

On cross-examination appellant's counsel asked an officer, "[d]id I understand you to say that one of the first utterances made by the defendant, he was claiming that someone had planted it or placed it there?" He answered "Yes."

It was also shown that the appellant's four-month-old dog barked while the family was at the movies some time before the search and that the dog barked at strangers which appears to be a matter of little or no consequence.

The testimony relied upon for the requested instruction nowhere sets out that the appellant stated or claimed that he did not know the marihuana was on the premises or that he did not possess it. The appellant did not testify.

The issue was not who put the marihuana in the building, but who had possession. Someone else could have put it there for the appellant with his knowledge and consent.

The court charged the jury on possession as follows:

"By the term 'possession,' as used herein, is meant the care, custody, or control or management of the item in question.

"Now, if you find from the evidence beyond a reasonable doubt that the defendant, Domingo Ramos, did in Cameron County, Texas, on or about the 23rd day of March, 1970, unlawfully possess or have under his control a narcotic drug, to-wit, marihuana, as alleged in the indictment, then you will find the defendant guilty as charged.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant."

The statement of the appellant at the time of the arrest does not raise an affirmative defense, nor even assert a defense. It does not support the requested charge because the statement cannot be read to show that appellant did not possess or know the marihuana was behind the saw where he had been working.

In 31 Tex.Jur.2d, Section 109, page 658, Applicability of charge to pleadings and evidence, it is written:

"Any charge on a defensive issue should be applicable to the pleadings and the evidence. The trial court is not required to charge on every possible defense that may be conceived in regard to a criminal offense, unless it is supported by the evidence. Consequently it is not error to fail to charge as to a defense that has not been interposed, or as to one that is inconsistent with evidence in the case.

"Where testimony does no more than detail a suspicion that a party other than the appellant was guilty, it does not rise to the dignity of an affirmative defense."

The majority now also state that error was committed because the court did not charge on circumstantial evidence. Again, the court defined possession as one having

care, custody and control of the item and required the jury to find appellant possessed the marihuana before they could find him guilty.

No one can have care, custody and control of property without knowing he has it. The charge as given adequately protected the appellant's rights. How can it be said a jury could convict under the charge given unless they believed appellant possessed and knew the marihuana was where the officers found it? Ordinarily, in my opinion, a charge on circumstantial evidence should not be required in a case such as this where a charge on possession is given as was done here.

Assuming arguendo that one or both of such charges should have been given, the Legislature must have had such a situation as this in mind when Article 36.19, V.A. C.C.P., was passed. It provides, in part, that where the requirements of Articles 36.14, 36.15 and 36.16, V.A.C.C.P., relating to court's charge have been disregarded ". . . [t]he judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . . ."

Under this statute, the error, if any, would be harmless.

Most scholars studying judicial reform conclude that we should have fewer decisional points. The majority, in my opinion, are creating not fewer but more decisional points which are not only unnecessary but are cumbersome and confusing. In the future where hints of defenses are raised, such a decision if followed to its logical conclusion would require many issues. The submission of many unnecessary issues has in the past plagued the trials of civil cases. We should not encourage or require such a practice.

For the above reasons, the State's motion for rehearing should be granted and the judgment affirmed.