**Fidel Navarro BELMAREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48058.

Court of Criminal Appeals of Texas.

May 22, 1974.

John J. Browne, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for unlawful possession of heroin. The jury found appellant guilty and the court, after finding appellant had been previously convicted of the same offense, assessed his punishment at confinement in the Texas Department of Corrections for twenty-five years.

Appellant contends the court erred, over his objection and exception to the charge, in failing to submit a charge on circumstantial evidence. We agree.

The record reflects that an automobile driven by appellant, and containing two other passengers, was stopped by officers because of a traffic violation. Heroin was found under the front seat on the driver's side of the vehicle. There is no testimony that appellant actually possessed the heroin. There was no showing that the automobile was owned by appellant, and the record clearly reflects that appellant did not have sole access to the automobile where the heroin was found.

When confronted with facts not significantly distinguishable from those reflected by the record in the instant case, this court in Crawford v. State, 502 S.W.2d 768 (Tex.Cr.App.1973) recently held that the trial court committed reversible error by not charging on the law of circumstantial evidence. Judge Onion, while speaking for a majority of the court, said:

"  .  .  . Nevertheless, the critical issue in the disposition of this case is the absence of direct evidence to prove possession of the heroin by the appellant. To prove possession the State must show that appellant had care, custody, control and management of the thing possessed either alone or jointly with others. Garza v. State, 468 S.W.2d 440 (Tex.Cr. App.1971).

"This court has for some time held that the distinction between circumstantial evidence and direct evidence is that the latter applies directly to the ultimate fact to be proved, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proved. Beason v. State, 43 Tex.Cr.R. 442, 67 S.W. 96 (1902); Brown v. State, 126 Tex.Cr.R. 449, 72 S.W.2d 269 (1934); Ramos v. State, 478 S.W.2d 102 (Tex.Cr.App. 1972) (on State's Motion for Rehearing). In the instant case, no witness saw appellant actually possess the heroin. Moreover, the residence where the heroin was discovered did not belong to appellant; thus no question of sole access is raised. Instead, the heroin was found at the residence of another person in which appellant was present at the time of the search. Therefore, the ultimate fact of whether appellant possessed the heroin found was not proved by direct evidence. In the absence of direct evidence, the refusal to grant a requested charge on circumstantial evidence is reversible error. Farris v. State, 496 S. W.2d 55 (Tex.Cr.App.1973)."

See also: Denny v. State, 473 S.W.2d 503 (Tex.Cr.App.1971); Scelles v. State, 358 S.W.2d 623 (Tex.Cr.App.1962); Arsiaga v. State, 372 S.W.2d 538 (Tex.Cr.App.1963); Ramos v. State, 478 S.W.2d 102 (Tex.Cr. App.1972); McBride v. State, 486 S.W.2d 318 (Tex.Cr.App.1972).

The cases cited by the State urging the applicability of the doctrine of "close juxtaposition" are distinguishable.

We conclude the court committed reversible error in failing to submit a charge on circumstantial evidence. In view of our disposition, it is not necessary to consider appellant's other contentions.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ODOM, J., concurs in the result.

DOUGLAS, Judge (dissenting).

The facts in this case show that the appellant was arrested for driving his car on the wrong side of the road. An officer testified that he swerved his patrol car to the shoulder of the road to avoid a head-on collision with the car appellant was driving and, "Well, when he was passing us it was a complete—not a complete, but he leaned way over in the seat as if to push something back or to place something down there." After appellant's car was stopped, officers looked in the door and recognized two capsules as black mollies, the common name for amphetamines, lying on the floorboard in plain view.

The officers took the black mollies and a brown package beside them. The brown package contained other black mollies and a cellophane package of white powder later ascertained to be heroin.

Here the appellant was the driver of the car. The contraband was found on the floorboard near the front seat where he had made a movement as if to place something down.

The evidence was so closely connected with the appellant that no charge on circumstantial evidence was required. See Oltiveros v. State, Tex.Cr.App., 474 S.W. 2d 221, and the dissenting opinion in Ramos v. State, Tex.Cr.App., 478 S.W.2d 102. Even if such a charge on circumstantial evidence should have been given, such failure would not have been such as to affect the result of the trial. See Article 36.19, Vernon's Ann.C.C.P.

The judgment should be affirmed.

MORRISON, J., joins in this dissent.