**Carolyn Joyce SIROKY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0146–CR.**

Court of Appeals of Texas,
Tyler.

Jan. 20, 1983.

Dean White, Canton, William A. Bratton, III, Dallas, for appellant.

Tommy Wallace, Dist. Atty., Canton, for appellee.

OPINION

COLLEY, Justice.

This is an appeal from a conviction for delivery of a controlled substance, methamphetamine. Punishment was assessed by the jury at fifteen years and one day.

Appellant urges four grounds of error. No challenge is made to the sufficiency of the evidence.

In her second ground appellant argues that the trial court committed reversible

error in refusing to charge the jury on the defense of mistake of fact. V.T.C.A., Penal Code Section 8.02.[1]

■ A defendant is entitled to an instruction on every defensive issue raised by the evidence, whether produced by the State or the defendant, and whether weak or strong, unimpeached or contradicted. *Montgomery v. State,* 588 S.W.2d 950 (Tex. Cr.App.1979); see also *Thompson v. State,* 521 S.W.2d 621 (Tex.Cr.App.1974).

■ The appellant testified that she and her boyfriend, Larry Brown (Brown), lived together in appellant's home and that Brown was for a time engaged in a business of selling to the public a novelty item called "synth-coke" and various other pills and compounds composed of caffeine and other compounds or chemicals not regulated or controlled by law. Responding to questions by her attorney, the appellant testified that on the date of the alleged offense a friend named Lisa came to her house and visited for a while and then asked the appellant if anything had been left for her by Brown. Appellant testified that she told Lisa that Brown had told her if either Bobby Reeves or Lisa came to the house "... I was to give them what was on [sic] the paper bag on top of his chest of drawers which I did, I gave to Lisa." Appellant then testified that Lisa left the house advising the appellant that she was going to get her fiance and that he had the money. Appellant testified that she told Lisa that was all right and then in a short while Lisa returned with the man (Department of Public Safety undercover officer) who handed the appellant the money that she had been told by Brown that she should be able to get for the package. Later in the direct examination appellant's counsel asked her, "Now do you have any concept, any idea, and I want you to tell this to the jury because there're going to sit there in judgment on [sic] short time later today. Did you have any idea that if you were handling anything, if you handled this package, that it was in any way improper, *illegal?*" The appellant answered, "If I had any concept that it was

*illegal,* I would not have handled it. That's as far as it goes."

On cross-examination the appellant was asked by State's counsel that on the occasion of the sale to Burton Christian, "... who the appellant was selling to at that time." The appellant's answer was, "At that time Larry Brown was handling the majority of all sales, and the only thing I knew was when someone came to the house and he had left distinct instructions what to do because he was there handling it in other words." On cross-examination State's counsel asked the appellant, "And you were aware of the full [sic] what was going on, is that correct?" To which question the appellant replied, "On the caffeine pills and the synthetics, yes."

The State argues that the refusal of the trial court to charge the jury on mistake of fact defense in this case does not constitute error because (1) the evidence does not raise the defense and (2) the requested instruction seeks an affirmative submission of a defensive issue which merely denied the existence of an essential element of the State's case, viz. that appellant knowingly delivered the controlled substance methamphetamine. *Green v. State,* 566 S.W.2d 578 (Tex.Cr.App.1978) is cited by the State in support of its contention. We do not agree with the State's interpretation of *Green.* A careful reading of that decision reveals that the Court of Criminal Appeals there held that the requisite mental culpability (knowingly) required under Section 21.07 Public Lewdness, applied "... only to the act of deviate sexual intercourse and not to the place where such act was committed." *Green* at p. 581. The opinion of Judge Douglas in *Green* did not set forth verbatim the requested charge on mistake of fact under Section 8.02, the denial of which was urged as defendant's seventh ground of error. But it is clear from the opinion that the defendant's requested instruction dealt with defendant's reasonable belief that he was mistaken as to whether the place where the offense occurred was a public place.

1. All references are to Vernon's Texas Code Annotated, Penal Code.

Judge Douglas stated that defendant's seventh ground of error had, in effect, been decided adversely to him by disposition of the defendant's first ground, i.e., that error was committed because of failure of the trial court to charge the jury that it could not convict the defendant Green unless it found he knew he was in a public place and then knowingly engaged in the prohibited conduct. The Court of Criminal Appeals overruled Green's seventh ground stating that since the State was not required to prove (in a prosecution under Section 21.07) that the defendant knew the place where the offense was committed was a public place. No defense under Section 8.02 was available because no mental culpability required for the commission of the offense was at issue.

The State also argues that since the court's charge [2] (pertinent provisions reproduced in footnote) instructed the jury that unless it found that the appellant had "knowingly and [sic] intentionally" delivered methamphetamine it should acquit appellant, and since the jury found the defendant guilty under the court's charge, the jury found against her on her claim of mistake of fact. Such an argument was rejected by the Court of Criminal Appeals in *Montgomery v. State,* 588 S.W.2d 950 (Tex.Cr.App.1979).

Finally the State argues that the testimony of the appellant should be construed in sum, "... that she did not know that the delivered bag (containing methamphetamine) contained an '*illegal* substance'" and concluded that nowhere in her testimony did the appellant expressly deny that she knew that the substance delivered was methamphetamine. The State contends in effect that the language used by appellant in her testimony should be construed to mean that appellant testified that she did not know it was illegal to deliver methamphetamine. After careful consideration of all the testimony of the appellant, much of which we have discussed in this opinion, both on direct and cross-examination, we cannot agree to such an interpretation thereof.

Having carefully reviewed the testimony shown by the record in this case, we are led to the conclusion that the testimony of the appellant, though contradicted, does raise the issue of mistake of fact as to whether or not the appellant in delivering the methamphetamine acted under a mistake of fact, that is, that she reasonably believed that she was delivering synthetic drugs or caffeine pills not the controlled substance methamphetamine. We concede that the question is a close one and that the issue of mistake of fact is weakly raised. However, once that issue of fact has been raised, it was for the jury to decide. It was error for the trial court to fail to charge on the mistake of fact issue authorized by Section 8.02 for which the conviction must be reversed. *Wheeler v. State,* 56 Tex.Cr.R. 547, 121 S.W. 166 (Tex.Cr.App.1909); *Ramos v. State,* 478 S.W.2d 102 (Tex.Cr.App.1972); *Rodriguez v. State,* 372 S.W.2d 541 (Tex.Cr.App.1963); *Fawcett v. State,* 136 Tex.Cr.R. 14, 127 S.W.2d 905 (Tex.Cr.App.1939).

Appellant's ground of error two is sustained and the judgment of conviction is reversed and the case remanded for a new trial.

McKAY, J., not participating.

---

2. The paragraph of the charge applying the law of the facts reads:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Carolyn Joyce Siroky, did, in Van Zandt County, Texas, on or about July 16, 1980, intentionally or knowingly deliver to Burton Christian a controlled substance, to-wit: Methamphetamine, you will find the defendant guilty.